## Petition of SAM HOO.
### No. 80390.

District Court, N. D. California, S. D.
Nov. 13, 1945.

Daniel H. Lyons, Naturalization Examiner, of San Francisco, Cal. for the United States.

Kenneth Y. Fung, of San Francisco, Cal., for petitioner.

GOODMAN, District Judge.

The petitioner, a native and national of China, seeks citizenship under the provisions of section 311 of the Nationality Act of 1940, 8 U.S.C.A. § 711. He may be admitted under 8 U.S.C.A. § 711, if he shows that for at least one year preceding the filing of his petition for naturalization, he was married to a citizen of the United States and, for at least two years prior thereto, was a resident of the United States.[1]

In support of his petition, petitioner alleges that he was married at San Francisco, Cal., in 1937 to an American citizen spouse and has three American born children as the issue of his marriage. If this marriage is valid, petitioner is qualified for citizenship. It appears however that petitioner was married for the first time in China in 1914; he remained there or returned there (the record is silent in the matter) long or often enough to beget two children as issue of the marriage. There is evidence by way of affidavit that this first wife died in China in 1928. In 1929, petitioner was again married in China to a Chinese national. He returned to the United States in 1930 and has remained here continuously since. There is evidence in affidavit form that the second wife, one Ng Shee, appeared in 1932 before the "elders" of Ai Pong Village in China and publicly declared that she severed her marital ties with petitioner. In the same affidavit it is stated that said Ng Shee subsequently married one Quon Quong, a teacher, and lived as man and wife with him. In another affidavit, it is alleged that Ng Shee died in China in 1938. Neither of the signers of the affidavits appeared before the court. No showing was made to the Court as to the legal effect of Ng Shee's so-called appearance before and statement to the village "elders" in 1932.

The Naturalization Service recommends the granting of the petition. Its recommendation is mainly based upon the claim that under California law the legality of a regularly solemnized marriage is presumed and that the burden of proof is upon him who seeks to attack such marriage, even though such burden might involve the proof of a negative. The following California cases are cited: In re Estate of Hughson, 173 Cal. 448, 160 P. 548; In re Estate of Harrington, 140 Cal. 244, 73 P. 1000, 98 Am. St.Rep. 51; Hunter v. Hunter, 111 Cal. 261, 43 P. 756, 21 L.R.A. 411, 52 Am.St. Rep. 180; Immel v. Dowd, 6 Cal.App.2d 145, 44 P.2d 373. It is true that these cases so hold, although the statute they inter-

---

[1] Petitioner was lawfully admitted to the United States for permanent residence here in 1903 and has resided in this country since, except for periodic visits to China.

pret, Cal.Civil Code § 61, seems to promulgate a stricter rule. Civil Code § 61 reads as set forth in the margin.[2]

The petitioner has not, however, proved under subdivision 1 of § 61 that his former marriage in 1929 has been annulled or dissolved. Nor has he proved under subdivision 2 of the same section that his former spouse by marriage was not known to him "to be living for the space of five successive years immediately preceding such subsequent marriage." Moreover, the evidence produced by the petitioner himself shows that he knew his second wife to be alive within the five year period antedating his California marriage; further, that he had no reason to believe her dead when he married his American citizen wife; and that, actually, she did not die until the year after such marriage took place.

█ It may well be that the validity of petitioner's California marriage, if attacked by an interested party, would be sustained under California law, because of the presumptions indulged in and recognized by the California Courts. These presumptions clearly find their rationale in the laudable desire to sustain in the public interest and well being, the stability of the marriage status in matters relating to legitimacy, inheritance and other relationships growing out of and dependent upon the marital status. But the burden upon petitioner, when he seeks American citizenship, is different. The presumptions of California law must give way to the burden of proof required of an applicant for United States citizenship.

In the case of United States v. Schwimmer, 279 U.S. 644, at page 649, 49 S.Ct. 448, at page 449, 73 L.Ed. 889, the Supreme Court said: "Because of the great value of the privileges conferred by naturalization, the statutes prescribing qualifications and governing procedure for admission are to be construed with definite purpose to favor and support the government. And, in order to safeguard against admission of those who are unworthy or who for any reason fail to measure up to required standards, *the law puts the burden upon every applicant to show by satisfactory evidence that he has the specified qualifications.*" (Emphasis supplied.)

See also to same point: Tutun v. United States, 270 U.S. 568, 578, 46 S.Ct. 425, 70 L.Ed. 738; United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302; In re Laws, D.C. 59 F.Supp. 179 (my decision); Petition of Boric, D.C., 61 F.Supp. 133, 136 (decision of Judge Fee.)

█ The evidence as to the validity of petitioner's California marriage is not "satisfactory." Citizenship is not to be bestowed upon an applicant, under section 711 merely by showing that he has indulged in a *ceremony* of marriage with an American citizen spouse. The door would open to fraud and the United States could easily be imposed upon, if an applicant under section 711 could rest his case upon a ceremony of marriage and the so-called presumption of validity under California law. Hence it is that the burden of proof never shifts from a petitioner for citizenship to the government.

The petitioner must, by satisfactory evidence, establish the validity of his marriage, before he may acquire the valued gift of citizenship. There being no satisfactory evidence here of the dissolution of the second marriage, petitioner has not sustained the burden of proving a valid marriage as the basis of his claim to citizenship.

The petition is denied.

---

[2] "A subsequent marriage contracted by any person during the life of a former husband or wife of such person, with any person other than such former husband or wife, is illegal and void from the beginning, unless:

"1. The former marriage has been annulled or dissolved. In no case can a marriage of either of the parties during the life of the other, be valid in this state, if contracted within one year after the entry of an interlocutory decree in a proceeding for divorce.

"2. Unless such former husband or wife is absent, and not known to such person to be living for the space of five successive years immediately preceding such subsequent marriage, or is generally reputed or believed by such person to be dead at the time such subsequent marriage is contracted. In either of which cases the subsequent marriage is valid until its nullity is adjudged by a competent tribunal."