**Petition for Naturalization of Elizabeth Sullivan LUJAN.**

**No. 663–P–482.**

District Court of Guam.
Sept. 12, 1956.

Turner & Stevens, Joseph J. Novak, Agana, Guam, for petitioner.

David E. Aldridge, Designated Naturalization Examiner, for Immigration and Naturalization Service.

SHRIVER, District Judge.

The petitioner has made application for naturalization as a citizen of the United States under Section 319(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1430. She alleged that she is the lawful wife of a United States citizen. The naturalization examiner

has recommended that the petition be denied upon the ground that the petitioner remains the legal wife of a first husband from whom she has not been divorced.

The facts are not in dispute. The petitioner is a citizen of the Republic of the Philippines. There she married Justo Ty on June 19, 1948. From the Philippines she filed an action for divorce in the First Civil Court of the Bravos District, State of Chihuahua, Republic of Mexico on the grounds of incompatibility and cruelty. The decree, dated March 15, 1951, states that the petitioner testified in the divorce action by deposition and that the defendant was served with process by the Sub-Sheriff of the City of Manila. The decree purports to grant an absolute divorce, but neither the petitioner nor her husband had ever been in Mexico. She obtained a mail order divorce.

The petitioner was admitted to the United States for premanent residence on November 22, 1952, after having been admitted for temporary residence on October 21, 1951. On December 27, 1951 she purported to marry Anthony Ulloa Lujan, a citizen of the United States, in a marriage ceremony performed in Guam and filed her petition for naturalization on February 21, 1956 as the wife of such a citizen.

Guam is a highly religious community which certainly does not encourage facile divorce. The principle enunciated in the second Williams case by the Supreme Court, Williams v. North Carolina, 325 U.S. 226, at pages 229–230, 65 S.Ct. 1092, 1095; 89 L.Ed. 1577, is applicable in Guam:

"Under our system of law, judicial power to grant a divorce—jurisdiction, strictly speaking—is founded on domicil. Bell v. Bell, 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804; Andrews v. Andrews, 188 U.S. 14, 23 S.Ct. 237, 47 L.Ed. 366. The framers of the Constitution were familiar with this jurisdictional prerequisite, and since 1789 neither this Court nor any other court in the English-speaking world has questioned it.

Domicil implies a nexus between person and place of such permanence as to control the creation of legal relations and responsibilities of the utmost significance. The domicil of one spouse within a State gives power to that State, we have held, to dissolve a marriage wheresoever contracted. In view of Williams v. North Carolina, supra, [317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279] the jurisdictional requirement of domicil is freed from confusing refinements about 'matrimonial domicil', see Davis v. Davis, 305 U.S. 32, 41, 59 S.Ct. 3, 6, 83 L.Ed. 26, and the like. Divorce, like marriage, is of concern not merely to the immediate parties. It affects personal rights of the deepest significance. It also touches basic interests of society. Since divorce, like marriage, creates a new status, every consideration of policy makes it desirable that the effect should be the same wherever the question arises."

The Civil Code of Guam previously provided, Sec. 128, that both the plaintiff and the defendant must have been residents of Guam, for one year, next preceding the commencement of the action, and that, Section 130, both parties must have been on the Island of Guam at the time the action was brought, except in the case of desertion. The present provisions are that marriage can be dissolved only by the death of one of the parties or by the judgment of a court of competent jurisdiction decreeing the dissolution of the marriage, Sec. 90. The grounds for divorce are adultery, extreme cruelty, willful desertion, willful neglect, habitual intemperance, conviction of felony, Sec. 92. The plaintiff must have been a resident of Guam for one year, next preceding the commencement of the action, Sec. 128; and a final decree may not be entered until after one year from the interlocutory decree.

■ The Guam codes were largely adopted from the California codes and where applicable may be construed in the light of appellate decisions in California

at the time the Guam codes were adopted in 1933, United States v. Johnson, 9 Cir., 181 F.2d 577. In Muir v. United States, D.C., 93 F.Supp. 939, the court had before it the validity of a Mexican divorce in connection with payment to be made under the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq. The court stated in part, at page 941:

"The Mexican court granted the divorce decree without either Mrs. Pettit or Fred A. Muir appearing before the court and while both of the parties were residents of California. California law clearly holds that such a divorce decree is invalid by reason of the lack of jurisdiction of such court over either the parties or the subject matter and California courts deny recognition to such a decree. Roberts v. Roberts, 81 Cal.App.2d 871, 185 P.2d 381; In re Estate of Hensgen, 80 Cal.App. 2d 78, 80, 181 P.2d 69".

A Mexican divorce obtained when neither the plaintiff nor the defendant had ever been domiciled in Mexico would be a legal nullity in Guam if the petitioner had resided in Guam when the divorce was obtained and the question is raised in this type of proceeding. The question remains as to whether this is true when the petitioner obtained the Mexican divorce while domiciled in the Republic of the Philippines. No evidence was introduced as to the law of the Philippines, except that the naturalization examiner stated in his findings of fact that as a result of a communication between the Philippine Consulate in Honolulu and the Honolulu District Office of Immigration and Naturalization Service, it was stated that divorce in the Philippines may be obtained only on the ground of adultery on the part of the wife or concubinage on the part of the husband; that Philippine courts would recognize foreign divorces if they were obtained on identical grounds.

The petitioner contends that this court should follow the California law to the effect that the legality of a regularly solemnized marriage is presumed and that the burden of proof is upon him who seeks to attack such marriage, even though such burden might involve the proof of a negative. The section relied upon in the California Civil Code is the same in the Guam Civil Code, Sec. 61 in both codes. The petitioner cites in her brief and recognizes that Petition of Sam Hoo, D.C., 63 F.Supp. 439 is to the contrary. In the Hoo case, the petitioner sought naturalization as the husband of a United States citizen. He had been married in China and attempted to show by affidavits that his Chinese wife had divorced him in that country. Although the Naturalization Service had recommended that the petition be granted the court denied it upon the ground that the presumption of California law must give way to the burden of proof required of an applicant for United States citizenship, citing United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889, and other cases. The court concluded [63 F.Supp. 440]:

"The petitioner must, by satisfactory evidence, establish the validity of his marriage before he may acquire the valued gift of citizenship. There being no satisfactory evidence here of the dissolution of the second marriage, petitioner has not sustained the burden of proving a valid marriage as the basis of his claim to citizenship."

As in the Hoo case, this court makes no attempt to pass upon the validity of petitioner's marriage if the question is raised in a different type of proceeding. This court simply holds that the petitioner has failed to sustain her burden of proof that she is the wife of a citizen of the United States.

The petition is denied.