## MATTER OF BRANTIGAN

### In Visa Petition Proceedings

#### A-14680158

*Decided by Board February 8, 1966*

In visa petition proceedings the burden of proof to establish eligibility for the benefit sought rests with the petitioner, and in the absence of proof of the legal termination of a U.S. citizen petitioner's prior marriage, reliance on the presumption of validity accorded by California law to his subsequent ceremonial marriage in that State to beneficiary is not satisfactory evidence of the termination of his prior marriage and is insufficient by itself to sustain petitioner's burden of proof of a valid marriage on which to accord beneficiary nonquota status.

The case comes forward on motion of counsel that the Board reopen the proceedings and reconsider its decision rendered on October 28, 1965.

The record relates to a native of the Philippines, a naturalized citizen of the United States, who seeks nonquota status on behalf of the beneficiary, a native and citizen of the Philippines. The parties were married on February 23, 1965 at San Francisco, California.

In our decision of October 28, 1965 we relied upon the *Petition of Sam Hoo*, 63 F. Supp. 439 (N.D. Cal. S.D., 1945), where the petitioner rested on a presumption of validity accorded by California law to his marriage to an American citizen, and the court held that the burden of proof required of an applicant for United States citizenship never shifts, found there was no satisfactory evidence of the dissolution of the prior marriage, and that the presumption of validity was not a sufficient basis upon which to sustain the burden of proving a valid marriage as the basis of a claim to eligibility for citizenship. We held the reliance upon presumption as to the dissolution of a prior marriage was unsatisfactory evidence of the termination of the prior marriage. We noted that in the event the petitioner instituted an action (of which the Service would be no-

493

tified) and secured a declaratory judgment affirming the validity of his marriage, a motion to reopen would be entertained.

In the present motion counsel indicates that a declaratory judgment in the California courts as to the validity of the marriage cannot be obtained and seeks to differentiate *Petition of Sam Hoo* on the ground that the petitioner in that case knew his second wife to be alive within the five-year period antedating his California marriage, that he had no reason to believe her dead when he married his American wife and that she did not die until the year after such marriage took place.

While the facts of the cited case are as recited by counsel, the holding of the court appears to go further. The court stated that it may well be the validity of petitioner's California marriage, if attacked by an interested party, would be sustained under California law because of the presumptions indulged in and recognized by the California courts. These presumptions clearly find their rationale in the laudable desire to sustain, in the public interest and well being, the stability of the marriage status in matters relating to legitimacy, inheritance, and other relationships growing out of and dependent upon the marital status. But the burden upon petitioner, when he seeks American citizenship, is different. The presumptions of California law must give way to the burden of proof required of an applicant for United States citizenship. The court held that the evidence as to the validity of petitioner's California marriage was not satisfactory; that citizenship is not to be bestowed upon an applicant by showing that he has *indulged in a ceremony of marriage* with an American citizen spouse which would leave the door open to fraud if an applicant could rest his case upon a ceremony of marriage in a so-called presumption of validity under California law. The burden of proof never shifts from a petitioner for citizenship to the Government and the petitioner must by satisfactory evidence establish the validity of his marriage before he may acquire the valued gift of citizenship. The court overruled a recommendation by the Naturalization Service that the petition be granted and instead denied the petition.

In *Petition of Lujan*, 144 F. Supp. 150 (D.C. Guam, 1956), the petitioner, a citizen and resident of the Philippines, obtained a Mexican mail-order divorce from her first husband in 1941 and married her United States citizen husband in 1951. The court held the mail-order Mexican divorce was invalid but the petitioner contended that the court should follow the California law to the effect that the legality of a regularly solemnized marriage is presumed and that the

burden of proof is upon him who seeks to attack such marriage, even though such burden might involve the proof of a negative, citing sections 61 of the California Civil Code and the Guam Civil Code. The court relied upon the holding of *Petition of Sam Hoo, supra,* and stated that the court was making no attempt to pass upon the validity of the petitioner's marriage if the question were raised in a different type of proceeding; however, the court held simply that the petitioner had failed to sustain her burden of proof that she was the wife of a United States citizen.[1]

In visa petition proceedings, the burden of proof to establish eligibility sought for the benefit conferred by the immigration laws rests upon the petitioner. Both the prior and present regulations[2] require that if a petition is submitted on behalf of a spouse, it must be accompanied by a certificate of the marriage to the beneficiary and proof of the legal termination of all previous marriages of both spouses.

However, we note that the motion encloses an affidavit by petitioner's daughter, now in the United States, regarding the absence of her mother. In order to give the petitioner every opportunity to establish the validity of his present marriage, we will reopen the proceedings to permit the daughter to be questioned under oath by a Service officer regarding the absence of her mother; and to ascertain what efforts were made by the petitioner to communicate with his first wife. A written memorandum should accompany the decision.

ORDER: It is ordered that the proceedings be reopened in accordance with the preceding paragraph and to afford the petitioner every opportunity to establish the validity of his present marriage.

---

[1] See also *Matter of T—S—Y—,* 7 I. & N. Dec. 582.
[2] 8 CFR 205.5(b) and 8 CFR 204.2(d)(2).