425 F.2d 1074
 Fed. Sec. L. Rep. P 92,550
Donald J. MILLER, Plaintiff-Appellant,
v.
NEW YORK STOCK EXCHANGE, American Stock Exchange, Paine,
Webber, Jackson& Curtis, and Louis J. Lefkowitz,
individually and as Attorney General of
theState of New York,
Defendants-Appellees.
 No. 471, Docket 34329.
United States Court of Appeals Second Circuit.
 Argued Dec. 19, 1969.
Decided Jan. 2, 1970, Certiorari Denied May 18, 1970, See 90
S.Ct. 1696.
 
 Paul G. Chevigny, New York, N.Y. (New York Civil Liberties Union, New York, New York, of counsel), for plaintiff-appellant.
 Brenda Soloff, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Albany, New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for defendant-appellee, Louis J. Lefkowitz, Atty. Gen. of the State of New York.
 Andrew J. Connick, New York, N.Y. (Milbank, Tweed, Hadley & McCloy, New York, N.Y. and Adlai S. Hardin, Jr., New York, N.Y., of counsel), for defendant-appellee New York Stock Exchange.
 Milton Weiss, New York, N.Y. (Beekman & Bogue, New York, N.Y., of counsel), for defendant-appellee Paine, Webber, Jackson and Curtis.
 Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This action was brought in the District Court for the Southern District of New York for declaratory and injunctive relief against the operation of Ch. 1071 of N.Y.Laws, 1969, codified as N.Y.General Business Law 359-e (12), McKinney's Consol.Laws, c. 23-A. This provides that all persons employed in New York by a member or a member organization of a national security exchange registered with the Securities and Exchange Commission or by a clearing corporation affiliated with any such registered exchange shall, as a condition of employment, be fingerprinted. The fingerprints so taken are to 'be promptly submitted to the attorney general for appropriate processing.' Judge Weinfeld denied plaintiff's request to convene a three-judge court, 28 U.S.C. 2281, and his motion for a temporary injunction, and dismissed the complaint.
 
 
 2
 We find it impossible to add to Judge Weinfeld's thorough and well-considered opinion, holding that the statute was a reasonable exercise of the State's power to deal with the serious problem of thefts in the securities business. There is, of course, the question, inevitably encountered in the mounting number of cases like this, whether even though we unanimously agree with the district judge, we must nevertheless reverse because the result was not so clearly predestined that he could dispense with having two other judges, possibly two of us, help him reach it-- and this even though the State, for whose benefit the three-judge provision was enacted, was quite content to have him act alone. On this vexing question we can only refer to what was said in Green v. Board of Elections of City of New York, 380 F.2d 445, 448-449 (2 Cir. 1967), cert. denied, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968).
 
 
 3
 We add one further point: Plaintiff Miller submitted an affidavit in the district court alleging that, a few days after that court's decision, he was dismissed by his employer, Paine, Webber, Jackson and Curtis, specifically because of his having brought this suit. The judge denied his motion to stay the dismissal pending appeal. At the argument here counsel for the employer conceded that Miller's bringing this action was one cause of his dismissal, although avowedly not the sole one. Our affirmance is not to be taken as foreclosing Mr. Miller from advancing a claim that dismissal for asserting a constitutional contention in a court of the United States was unlawful. In saying this, we are not to be understood as holding that such a claim would be legally sustainable.
 
 
 4
 Affirmed.