## MATTER OF ROMERO

### In Visa Petition Proceedings

### A-20582443

### Decided by Board May 9, 1975

The petitioner who claimed to be a United States citizen by birth in Puerto Rico, applied for immediate relative status for the beneficiary as her spouse, under section 201(b) of the Immigration and Nationality Act. The petition was denied, and the appeal dismissed. Petitioner failed to produce satisfactory identification to establish that she was the person named in the birth certificate upon which her claimed United States citizenship was based. In the course of separate interviews, a number of discrepancies developed between the information furnished by the petitioner and the beneficiary. Thereafter, the Service requested additional evidence, including photographs and fingerprints of the petitioner, pursuant to 8 CFR 103.2(b)(1). Petitioner refused to be photographed or fingerprinted or to submit additional evidence of identity. Petitioner's refusal of these requests, along with the unexplained discrepancies in testimony was sufficient reason to deny the petition.

ON BEHALF OF PETITIONER:  
Albert L. Merlis, Esquire  
11 Park Place  
New York, New York 10007

ON BEHALF OF SERVICE:  
Paul C. Vincent  
Appellate Trial Attorney

The petitioner applied for immediate relative status for the beneficiary as the spouse of a United States citizen under section 201(b) of the Immigration and Nationality Act. In a decision dated March 18, 1974, the district director denied that petition. The appeal will be dismissed.

The petitioner claims to be a United States citizen by birth in Puerto Rico on August 2, 1952. The alien beneficiary is a native and a citizen of Colombia, born on March 21, 1949. A marriage certificate in the record shows that the petitioner and the beneficiary were married in Hempstead, New York on September 14, 1973.

On March 13, 1974, in response to a written request by the Service, the petitioner and the beneficiary appeared for an interview in connection with the visa petition. The written request had instructed the petitioner to bring proper identification. The petitioner and the beneficiary were interviewed separately without the presence of counsel, since counsel had given the Service written authorization to proceed with the interviews in his absence.

In the course of their separate interviews, a number of discrepancies appeared between the information furnished by the petitioner and that furnished by the beneficiary. In addition, the petitioner could not produce identification to establish that she was the person referred to in the Puerto Rican birth certificate which she submitted to establish her United States citizenship.

In light of the discrepancies and the failure to furnish proper identification, the petitioner and the beneficiary were referred to the Investigations Section of the Service for inquiry into whether their marriage was a "sham" marriage undertaken for the purpose of circumventing the immigration laws.

Upon arriving in the Investigations Section, the petitioner was advised of her rights including the right to remain silent and the right to counsel. She was then asked to furnish fingerprints and photographs to aid in establishing her identity. She refused to be fingerprinted or photographed. Thereupon, the interview was terminated.

The district director denied the visa petition on the grounds that the petitioner had failed to establish her identity as a United States citizen and that she had failed to show that her marriage to the beneficiary was not a marriage of convenience, entered into for the purpose of obtaining immigration benefits for the beneficiary in circumvention of the immigration laws.

On appeal, counsel argues that the petitioner was denied due process because of the Service's request that she submit fingerprints and photographs.

In visa petition proceedings, the petitioner has the burden of establishing the validity of the claimed relationship. *Matter of Brantigan,* 11 I. & N. Dec. 493 (BIA 1966). A beneficiary is not entitled to immigration status on the basis of a marriage entered into for the primary purpose of evading the immigration laws, irrespective of the validity of that marriage under the applicable domestic law. *Matter of M—,* 8 I. & N. Dec. 217 (BIA 1958); *Matter of Kitsalis,* 11 I. & N. Dec. 613 (BIA 1966).

8 CFR 103.2(b)(1) authorizes the Service to make reasonable requests for the submission of additional evidence and to make any necessary investigation in connection with the adjudication of any application or petition. The issue in the present case is whether the request for fingerprints and photographs was reasonable under the circumstances.

The petitioner's failure to identify herself properly, and the discrepancies disclosed upon initial examination, raised the possibility that a marriage fraud was involved in the present case. In order to resolve this possibility of fraud, the petitioner was requested to submit fingerprints and photographs to aid in establishing her identity and the bona fides of her marital relationship with the beneficiary.

The purpose of the photographs was for use in a neighborhood inves-

tigation to ascertain whether the petitioner was known to reside with the beneficiary at the address claimed in the visa petition. Such investigation is within the scope of the authorization contained in 8 CFR 103.2(b)(1).

The purpose of the request for fingerprints was to ascertain whether the petitioner was in fact the person she claimed to be. "Fingerprints have long been recognized as a scientific and accurate means of identification." *Thom* v. *New York Stock Exchange*, 306 F. Supp. 1002, 1006 (S.D.N.Y. 1969), aff'd sub nom., *Miller* v. *New York Stock Exchange*, 425 F.2d 1074 (C.A. 2, 1970), cert. denied, 398 U.S. 905 (1970).[1]

In the specific factual context of this case, where the initial questioning of the petitioner and the beneficiary raised the possibility of fraud, and the petitioner failed to present adequate identification, the request for fingerprints and photographs was reasonable. We emphasize that compliance with this request was not mandatory, but rather was voluntary on the part of the petitioner. The petitioner had the option of declining to submit the fingerprints and photographs. However, by choosing not to submit the requested evidence, the petitioner took the risk that the inadequacy of her identification and the discrepancies in her testimony would result in denial of her visa petition for failure to establish the claimed relationship.

Had the petitioner adequately established her identity by other evidence, and if the interview had raised no reasonable possiblity of marriage fraud, the petition presumably would have been granted without resort to fingerprints or photographs. However, it is notable that even on appeal, no allegation has been made that the petitioner has other evidence of her identity to submit, or that she is willing or able to explain the discrepancies that appeared from the interview.

Our review of the record satisfies us that the petitioner has failed to sustain her burden of establishing the claimed relationship. Consequently, the appeal will be dismissed.

ORDER: The appeal is dismissed.

---

[1] The cour: in *Thom* considered the widespread use of fingerprinting in noncriminal contexts. The court stated: "In sum, the public has long recognized it as a valuable and reliable means of identification, and to suggest that a stigma attaches when it is so used is to fly in the face of reality." 306 F. Supp. at 1009.