nterim Decision #2370

## MATTER OF NIGOGHOSSIAN

### In Visa Petition Proceedings

### A–20318610

*Decided by Board April 16, 1975*

ie lawful permanent resident petitioner filed a visa petition under section 203(a)(2) of the Immigration and Nationality Act, which was denied because the petitioner was previously married in Iraq and failed to establish that the prior marriage had been legally terminated. The second marriage took place in California. Petitioner claimed that the first marriage could be considered terminated under section 4401(2) of the California Civil Code because she and her first husband had been separated for over five years prior to her second marriage and he had not been heard from since. Such assertion is not sufficient to consider the marriage terminated under section 4401(2), because that section requires a good faith belief that the previous spouse is dead, and there was nothing in the record to indicate petitioner entertained such belief.

BEHALF OF PETITIONER:   Joseph S. Hertogs, Esquire
Jackson & Hertogs
580 Washington Street
San Francisco, California 94111

The lawful permanent resident petitioner applied for preference clascation for the beneficiary as her spouse under section 203(a)(2) of the migration and Nationality Act. In a decision dated October 17, 1974, district director denied that petition. The petitioner has appealed m that decision. The appeal will be dismissed.

The petitioner and the beneficiary went through a marriage ceremony San Francisco, California on December 7, 1973. The record shows t the petitioner was previously married in Iraq in 1962. The district ector based his denial on the petitioner's failure to establish that her or marriage had been legally terminated.

On appeal, counsel argues that the petitioner's present marriage is id in California, the place of celebration, by virtue of section 4401 of California Civil Code, which provides:

subsequent marriage contracted by any person during the life of a former husband or ife of such person, with any person other than such former husband or wife, is illegal d void from the beginning, unless:
1 The former marriage has been dissolved or declared a nullity prior to the date of the bsequent marriage.

*(2) The former husband or wife is absent, and not known to such person to be living for the space of five successive years immediately preceding the subsequent marriage, or is generally reputed or believed by such person to be dead at the time such subsequent marriage was contracted, in either of which cases the subsequent marriage is valid until its nullity is adjudged pursuant to subdivision (b) of Section 4425.* (Emphasis supplied.)

Counsel alleges that the petitioner's first spouse left her in 1965 and has not been heard from since. Counsel therefore contends that the petitioner's present marriage to the beneficiary is valid under the provisions of section 4401(2) of the California Civil Code.

We have previously had occasion to deal with the provisions contained in subsection (2) of section 4401 of the California Civil Code (formerly section 61 of the California Civil Code). In *Matter of S—*, 7 I. & N. Dec. 469 (BIA 1957), we held that subsection (2) required that the person seeking to rely on it establish that he or she had a good faith belief in the death of his or her prior spouse. Our holding was based on the decisions of the California courts in *Wilcox v. Wilcox*, 171 Cal. 770, 776, 155 P. 95 (1916), and *Goff v. Goff*, 52 Cal. App. 2d 23, 28, 125 P.2d 848 (1942). The view that section 4401(2) requires a good faith belief in the death of the prior spouse was reaffirmed in *Neureither v. Workmen's Compensation Appeals Board*, 15 Cal. App. 3d 429, 93 Cal. Rptr. 162 (1971).

The only evidence submitted by the petitioner regarding her prior spouse consists of two affidavits from friends indicating that the petitioner's first husband left her in Iraq in 1965 and has not returned to her or been heard from since. There is nothing in the record to indicate that the petitioner entertained a good faith belief that her husband was dead as required under section 4401 of the California Civil Code.

In visa petition proceedings, the petitioner has the burden of establishing the validity of the claimed relationship. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). The present petitioner has failed to establish that her marriage to the beneficiary is valid under the law of California. Consequently, the appeal will be dismissed. If the petitioner has evidence that might place her present marriage within the provisions of section 4401 of the California Civil Code, as interpreted by the California courts, she may submit a new petition.

**ORDER:** The appeal is dismissed.