ᒐ

## MATTER OF ABDELHADI

### In Visa Petition Proceedings

### A-19289426

### Decided by Board July 2, 1975

Petitioner, who was admitted to the United States for a permanent residence on April 8, 1974 as the unmarried daughter of a lawful permanent resident, seeks to accord preference classification under section 201(a)(2) of the Immigration and Nationality Act, as amended, to beneficiary as her husband. The petitioner's lawful permanent resident status is challenged on the basis of a letter contained in the record of proceedings which was written by the U. S. Consul in Beirut, Lebanon and which indicates that the petitioner may not have been entitled to lawful permanent resident status, the consul's letter does not indicate under what circumstances the petitioner was interviewed or if the alleged statements of petitioner were made under oath, and there is nothing in the record to indicate that the petitioner was aware of the consul's letter (8 CFR 103-.2(b)(2)), the matter is remanded so that petitioner may have an opportunity to rebut the statements contained in the consul's letter, as well as to permit both the petitioner and the Service to submit any further available evidence regarding the circumstances of petitioner's marriage.

ON BEHALF OF PETITIONER: Petitioner pro se

The lawful permanent resident petitioner applied for preference status for the beneficiary as her husband under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated October 4, 1974, the officer in charge, denied the petition on the grounds that the petitioner was not entitled to status as a lawful permanent resident. The petitioner has appealed. The record will be remanded.

The petitioner was admitted to the United States on April 8, 1974, as a lawful permanent resident. She had been granted second preference status as the unmarried daughter of a lawful permanent resident.

In his decision, the officer in charge found that the petitioner was married to the beneficiary, at the time of her admission and thus not entitled to a second preference visa as the unmarried daughter of a lawful permanent resident. He bases this conclusion on a statement made in a letter written by the United States consul in Beirut. The consul states that the petitioner

"informed us that her marriage had been registered on May 15 [1974]. She acknowledged that she and [the beneficiary] had been married at her uncle's house, around October 1973. . . . . There appears to have been no written record at that time.

As I understand Muslim law as applied in Lebanon, a marriage would be considered valid even if not registered."

There is no other evidence in the record which indicates that the petitioner may not have been entitled to lawful permanent resident status.

On appeal, the petitioner indicates that she married the beneficiary when she returned to Lebanon at the end of April 1974. She states that she was pregnant at that time and that the beneficiary is the father of the child. A certificate in the record shows that the child was born May 16, 1974. Another certificate shows that the petitioner married the beneficiary May 3, 1974. According to the statement of the petitioner made on appeal, under Muslim law her marriage was a "predetermined marriage." It is not entirely clear what the petitioner means by this statement, but apparently she is claiming that under Muslim law, she was required to marry the beneficiary once she became pregnant by him.

We note that the petitioner is presently in Lebanon and that the Service is challenging the validity of her admission as a lawful permanent resident. We are confronted here with a visa petition in which the petitioner has the burden of proving her qualifications to file the petition and that the beneficiary is entitled to the status requested by the petitioner, *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). Normally the Immigration and Naturalization Service records would satisfy the requirement of establishing the petitioner's status, 8 CFR 204.2(b). Here however, a substantial doubt as to petitioner's status has been created by the consular report. In the present state of the record before us we cannot approve this visa petition.

Our ruling here is solely in connection with the application before us. It is not an adjudication that the petitioner is either excludable or deportable in a proceeding in which the Service bears the burden of proof, and will not act as an estoppel in any such proceeding. Cf. *Matter of Ideis*, 14 I. & N. Dec. 701 (BIA 1974).

There is nothing in the record to indicate that the officer in charge showed the petitioner the consul's letter. See 8 CFR 103.2(b)(2). The consul's letter does not indicate under what circumstances the petitioner was interviewed or if the alleged statements were made under oath.

Accordingly, we shall remand the record so that the petitioner may have an opportunity to rebut the statements contained in the letter from the consul, as well as to permit both the petitioner and the Service to submit any further evidence available explaining the circumstances of the petitioner's marriage.

**ORDER:** The record is remanded.