## MATTER OF GOMEZ

### In Visa Petition Proceedings

### A–21074555

*Decided by Board December 20, 1976*

(1) Petitioner, a native of Ecuador and citizen of the United States, filed an immediate relative visa petition in behalf of her father which was denied by the District Director on the ground that petitioner had not been legitimated prior to reaching the age of 18 years as required in section 101(b)(1)(C) of the Immigration and Nationality Act. The record shows that petitioner was born in 1937 and although petitioner's parents allegedly lived together as husband and wife since 1934, they were not formally married until 1957 in Ecuador. At no time did they acknowledge filiation of the petitioner.

(2) In order to effect ligitimation under Ecuadorian law, both parents must marry each other and acknowledge filiation of the child. Although the record establishes that the parents did marry each other in 1957, when petitioner was 20 years of age, there is no evidence that they acknowledged filiation of petitioner. More importantly this marriage did not take place prior to petitioner's eighteenth birthday as required by section 101(b)(1)(C) of the Act. Therefore the petitioner is not eligible to confer immediate relative status on her father and the visa petition was properly denied.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her parent under section 201(b) of the Immigration and Nationality Act. In a decision dated July 27, 1976, the District Director denied the petition on the ground that the petitioner had not been legitimated before she became 18 years of age as required by section 101(b) of the Act. The petitioner appeals from the denial. The appeal will be dismissed.

The petitioner was born in Ecuador on February 19, 1937. She immigrated to the United States on June 19, 1964, married a native-born United States citizen, and became a naturalized citizen herself on March 19, 1974. Although her natural parents have allegedly lived together as husband and wife since 1934, they were not formally married until May 1, 1957, in Ecuador. The petitioner's mother has received an approved visa petition as the petitioner's natural mother but there is no provision in the Act permitting the beneficiary, the petitioner's natural father, to accompany his spouse, unless the petitioner is considered legitimate.

We have received a memorandum from the Library of Congress, dated October 19, 1976, in which the Ecuadorian law of legitimacy and legitimation is outlined. See Appendix A. Under Ecuadorian law, children are legitimate if they were either born or conceived during a "fully valid" or "putative" marriage of their parents, or their parents married each other after conception.

It is settled that the burden is on the petitioner to establish eligibility for the benefits sought. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). As there has been no evidence of either a "fully valid" or "putative" marriage at the time of the petitioner's birth, we must conclude that the petitioner, in this case, was "illegitimate."

In order to effect a legitimation under Ecuadorian law, both parents must not only acknowledge filiation of the child, but they must also marry each other. Although the record establishes that the petitioner's parents did marry each other in 1957, there is no evidence that they acknowledged filiation as required by Ecuadorian law. More importantly, the marriage of the petitioner's parents did not take place before the petitioner's eighteenth birthday, as required by section 101(b)(1)(C) of the Immigration and Nationality Act. Therefore, despite the sympathetic aspects of this case, we have no alternative but to uphold the decision reached by the District Director.

Even though we must dismiss the petitioner's appeal, we wish to point out that there are two courses of action that may be open to her. She can advise the beneficiary to apply for an immigrant visa at a United States consular office. In view of his advanced age, he may not be required to comply with the labor certification requirement of the Act. His wife, the petitioner's mother, could also submit a visa petition application for him as her spouse once she has attained lawful permanent residence. He may then be eligible for second preference classification under the recently enacted amendments to section 203(a)(2) of the Act.

Nevertheless, the District Director's denial of the petition was correct. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

## APPENDIX A

### FILIATION UNDER THE LAW OF ECUADOR

In view of the date of birth given, a 1930 version of the Ecuadorean Civil Code as amended by Supreme Decree 94 of November 23, 1935,[1] was consulted for this report.

---

[1] *Código Civil* [C. Civ. I] [Talleres Gráficos Nacionales, Quito, 1930]; and *Código Civil Anotado* [C. Civ. II] [La Prense Católica, Quito, 1957].

A. *Birth out of Wedlock*

The codal provisions as amended established and defined the basic categories of children as follows:

Children are either legitimate or illegitimate. Legitimate children are those who have been either born or conceived during a fully valid or putative marriage of their parents as well as those whose parents have married each other after conception thereof. Illegitimate children are those who have been voluntarily acknowledged as such by either parent or both parents as well as those who have been declared to be so by judicial decision.[2]

Regarding children born out of wedlock, the code provides that they may be acknowledged by either parent or both parents. In such cases, the affected children shall enjoy the rights assigned to them by law in respect to the acknowledging parent or parents.[3]

Acknowledgment of children shall be made by means of a public instrument which may be either notarial, issued before a judge and three capable witnesses, on a will, by a personal statement issued at the time of the registration of birth, or as a part of the marriage record of the parents.[4]

A child who has not been voluntarily acknowledged by the parents may petition the courts to issue a declaration of filiation in regard with either one specific parent or both parents. The courts may issue such declaration in the following cases:

(1) When the father, after having been notified of the child's petition, appears before the court and states under oath that he acknowledges the child as his own;

(2) When the conception of the child may be positively linked to facts established as kidnapping and/or rape as well as any other form of illegal deprivation of personal freedom in which the parents were directly and personally involved as offender and victim;

(3) In case of seduction involving the child's parents;

(4) When there was a concubinary relationship between the parents at the time of the child's conception; and

(5) When the alleged father has provided for or contributed to the support of the child in his capacity as father.[5]

In view of the above, it may be stated that, under the laws in force in 1954, children born out of wedlock, even when acknowledged by their parents, were assigned to the category of illegitimate children, unless other requirements were also met; they could not be legitimated by the mere acknowledgment by either parent or both parents.

---

[2] C. Civ. I, arts. 30, 31 and 269.

[3] C. Civ. I, arts. 267 and 271.

[4] C. Civ. I, arts. 201 and 269.

[5] C. Civ. II, arts. 277 and 289, as amended.

B. *Legitimation of Children*

The Civil Code as amended by Supreme Decree 94 of November 21, 1935,[6] prescribes that the marriage of the parents to each other produces the effect of legitimating *ipso jure* the children conceived or born prior to the celebration of such marriage.[7] Those born prior to the celebration of the parents' marriage must be previously acknowledged in accordance with the legal formalities.

Children born prior to the celebration of the marriage who were not acknowledged by either parent or both parents as illegitimate do not benefit with the *ipso jure* legitimation by the subsequent marriage of their parents. Such children were required to be acknowledged in exactly the same manner prescribed by the code for any illegitimate child, by both parents. This acknowledgment may take place at any time.[8]

It is therefore concluded that legitimation of children born out of wedlock required two basic elements: (1) acknowledgment of filiation by both parents, and (2) subsequent marriage of the child's parents to each other. As stated above, the *ipso jure* effect of the subsequent marriage of the parents is granted with limitations.

---

[6] *R. del E. Compilación de Reformas al Código Civil, Leyes y Reglamentos Conexos* 17 [Talleres Gráficos del Ministerio de Gobierno, Quito, 1942].

[7] *Id.* art. II, amending C. Civ. I, art. 200.

[8] C. Civ. II, arts. 267 and 269, as amended.