MATTER OF REYES

In Visa Petition Proceedings

A–21247850

*Decided by Board January 6, 1978*

(1) "Common-law" marriages are not valid in San Luis Potosi, Mexico.

(2) A child of a "common-law" marriage in San Luis Potosi, Mexico, is illegitimate.

(3) Under Article 314 of the Constitution of Mexico of 1917, an illegitimate child may be legitimated only by the subsequent marriage of its parents, and a visa petition by a putative father on behalf of the child of a "common-law" relationship therefore was properly denied absent proof of legitimation.

ON BEHALF OF PETITIONER:  Ricardo J. Mendez, Esquire
Ramey, Hailey & Mendez
129 East Market Street, #901
Indianapolis, Indiana 46204

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

This case presents an appeal from a decision of the District Director on January 24, 1977, denying the visa petition filed in behalf of the beneficiary as the son of the petitioner on the ground that the latter is not legally married to the beneficiary's mother and thus cannot confer immediate relative status upon the beneficiary. The appeal will be dismissed.

The beneficiary, age 19, is a native and citizen of Mexico, who was born out of wedlock. His parents have never married but lived together common-law in San Luis Potosi, Mexico. The petitioner conceded that the mother of the beneficiary has now abandoned him and that her present whereabouts is unknown. A determination made by the Hispanic Law Division of the Library of Congress in February 1976, and now a part of this record, reflects that common-law marriages are not valid in San Luis Potosi and that all children born thereof are illegitimate. It further reflects that Article 314 of the Constitution of Mexico of 1917 provides that such children may be legitimated solely by the subsequent marriage of their parents.

A person may qualify as a "child" within the context of the immigration laws only where the parent-child relationship exists by reason of

436

any of the circumstances set forth in section 101(b)(1) of the Immigration and Nationality Act, as amended. The term "child," as defined in that section, does not include illegitimate children not claiming an immigration status by virtue of their relationship to their mother under section 101(b)(1)(D). The child must either be legitimate under section 101(b)(1)(A) or legitimated in accordance with the provisions of section 101(b)(1)(C) of the Act:

> . . . a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, *if such legitimation takes place before the child reaches the age of eighteen years* and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation. (Emphasis supplied.)

Upon review of the record, we conclude that the beneficiary has not been legitimated since his parents never legally married. In visa petition proceedings, the burden is on the petitioner to establish eligibility for the benefits sought. See *Matter of Gilpin,* Interim Decision 2503 (BIA 1976); *Matter of Pearson,* 13 I. & N. Dec. 152 (BIA 1969); *Matter of Brantigan,* 11 I. & N. Dec. 493 (BIA 1966). We are satisfied that the petitioner has failed to sustain his burden. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.