MATTER OF UMALE

In Visa Petition Proceedings

A-21308202

*Decided by Board March 7, 1979*

The lawful permanent resident status of a petitioner cannot be attacked in visa petition proceedings on the ground that the status was improperly obtained, if the petitioner presently resides in the United States. *Matter of Abdelhadi*, Interim Decision 2406 (BIA 1975) distinguished.

ON BEHALF OF PETITIONER: Bert D. Greenberg, Esquire
Suite 730
8484 Wilshire Boulevard
Beverly Hills, California 90211

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The lawful permanent resident petitioner applied for preference status for the beneficiary as her spouse under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). In a decision dated October 12, 1978, the Officer-in-Charge denied the petition in view of a question that had arisen regarding the petitioner's status as a lawful permanent resident. The petitioner has appealed. The record will be remanded to the Officer-in-Charge for further proceedings.

The beneficiary is a 29-year-old native and citizen of the Philippines. The petitioner is a 26-year-old native and citizen of the Philippines. The record indicates that the petitioner has an Alien Registration Receipt Card (Form I-151) which states that she was admitted to the United States as a lawful permanent resident sometime between July of 1976 and March of 1977. The petitioner filed a visa petition on behalf of the beneficiary on March 28, 1977.

A marriage certificate submitted with the visa petition states that the petitioner and the beneficiary were married by a minister on March 15, 1977, in the Philippines.

On July 20, 1978, however, a Service investigator submitted a different marriage certificate to the Officer-in-Charge. This one states that the petitioner and the beneficiary were married on April 28, 1975, by a municipal judge, in the Philippines. The Officer-in-Charge notified the petitioner of this information in a letter dated August 29, 1978, explaining that if she was married when she entered the United States, she was

not entitled to the visa she entered with inasmuch as she had obtained it as the "unmarried" daughter of a United States citizen. The Officer-in-Charge advised the petitioner that her visa petition would be denied in 15 days in view of this doubt regarding her status as a lawful permanent resident, unless she submitted additional information in opposition to this ground for denial. The petitioner did not submit additional information, so the Officer-in-Charge denied her petition approximately six weeks later.

In visa petition proceedings, the burden of proving eligibility for the immigration benefit sought rests upon the petitioner. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). Ordinarily, the status of a petitioner who claims that she is a lawful permanent resident can be verified from official records of the Service or by the submission of evidence such as an Alien Registration Receipt Card (Form I-151). 8 C.F.R. 204.2(b). In this case, however, substantial doubt has been cast on the petitioner's status by the submission of a marriage contract dated prior to her being granted first-preference status as the unmarried daughter of a United States citizen. There is, therefore, an additional issue concerning whether a visa petition proceeding is a proper forum for determining the petitioner's immigrant status.

We note first that a married alien who obtains an immigrant visa by representing herself as being an unmarried daughter of a United States citizen is deportable under section 241(a)(1) of the Act, 8 U.S.C. 1251(a)(1), as an alien excludable at the time of entry under section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20). See *Matter of Wong*, Interim Decision 2549 (BIA 1977).

An alien presently in the United States who is accused of improperly obtaining her immigrant visa is entitled to the procedural safeguards of a deportation hearing pursuant to 8 C.F.R. 242. In deportation proceedings, the burden is on the Government to prove deportability by clear, unequivocal, and convincing evidence. *Woodby* v. *INS*, 385 U.S. 276 (1966). In contrast, in visa petition proceedings the petitioner has the burden of proving that she is entitled to the immigration benefit sought. *Matter of Brantigan, supra.* Moreover, in deportation proceedings a respondent is entitled to many avenues of discretionary administrative relief not available in visa petition proceedings.

We find that until the petitioner has been found deportable according to the procedures specified by law, she remains a lawful permanent resident of the United States. The petitioner presently resides in the United States. Compare *Matter of Abdelhadi*, Interim Decision 2406 (BIA 1975), where we held that the Service could attack the immigrant status of a petitioner in visa petition proceedings where the petitioner, because of absence from the United States, was not amenable to deportation or exclusion proceedings.

We conclude, therefore, that the Officer-in-Charge erred in denying the visa petition on the ground that the petitioner's status as a lawful permanent resident was in question. Accordingly, the record will be remanded to the Officer-in-Charge for further proceedings.

The issue regarding the legality of the petitioner's status can also be settled on remand, in an appropriate proceeding, should the Service wish to challenge it.

**ORDER:** The record is remanded to the Officer-in-Charge for further proceedings consistent with the foregoing opinion and the entry of a new decision.

**FURTHER ORDER:** Should the new decision be adverse to the petitioner, an appropriate order shall be entered and the record shall be certified to us for review.