MATTER OF CHEUNG

In Visa Petition Proceedings

A-20024560

*Decided by Board April 28, 1980*

(1) In visa petition proceedings, the burden is on the petitioner to provide proof of the claimed relationship. *Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966).

(2) In a visa petition proceeding where previous evidence of the claimed relationship was rejected, and the only new evidence presented with the visa petition was an "Official Certification of Family Relationship" issued by a court in the Peoples Republic of China which contains the same information as the petitioner's letter to the court requesting the certification, where the certification is silent as to the source of the information, where the certificate was recently issued, and the petitioner failed to establish that the certificate was issued after reference to any official records or reliable independent source, the appeal from the District Director's denial of the visa petition will be dismissed.

ON BEHALF OF PETITIONER:    Stephen L. Yun, Esquire
                            2100 21st Street
                            Sacramento, California 95818

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated October 31, 1979, the District Director denied the visa petition filed on behalf of the beneficiary as the father of the United States citizen petitioner. The petitioner has appealed from this decision. The appeal will be dismissed.

The beneficiary is a native of the Peoples Republic of China and a resident of Hong Kong. The petitioner is a native of the Peoples Republic and a naturalized citizen of the United States. An immediate relative visa petition was approved on behalf of the beneficiary of July 7, 1971, under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). Approval of this visa petition was revoked on October 24, 1972. This Board dismissed the appeal from the revocation on February 15, 1973. On July 2, 1979, the petitioner filed a new visa petition, which was denied on October 31, 1979. In his denial, the District Director incorporated the grounds previously discussed by the Board in its decision of February 1973, and those in the notice of intent

to revoke issued in September 1972. The District Director also found that the "Official Certification of Family Relationship" issued by the Peoples Court of the District of Toishan did not constitute persuasive proof of the father-daughter relationship claimed by the petitioner. He noted that the certificate does not state any source for the information contained in the certificate, but that the information in the certificate appeared to be based on information contained in the letter sent by the petitioner to the Liaison Office of the Peoples Republic in which a statement of the relationship was requested.

On appeal, the petitioner contends that the Service has denied the visa petition because the previous visa petition was revoked. She also claims that the Service has denied the petition solely on the basis of discrepancies in the statements of the petitioner and the beneficiary, not on the ground that they are not father and daughter as claimed. She also asks for time to submit fingerprint information from the police in Hong Kong.

Although in her appeal the petitioner does not address the major ground for the denial of the visa petition, we will treat the brief provided with the visa petition as if it were incorporated in the appeal. We will do this only because the brief deals with the certificate issued by the Peoples Court, which is the only new evidence provided by the petitioner to date which is material to the claimed father-daughter relationship.

After reviewing the record, we have concluded that the petitioner has not met her burden of proof in conferring benefits under the immigration laws. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). We see the same defect in the 1979 Certificate presented as did the District Director. The 1978 letter to the Liaison Office of the Peoples Republic contains the same information provided in the Certificate that the Peoples Court issued. Nowhere in the Certificate is there a recitation as to the source of the information contained in the Certificate. Given this fact, we are not persuaded that the Peoples Court did not simply issue the Certificate to the petitioner as a courtesy. In any case, given the recent date of issue, and the failure to establish that the Certificate was issued after reference to any official records or reliable independent source, its probative value is extremely limited. When this fact is considered in conjunction with the discrepancies noted in previous decisions, and the real possibility raised by the American Consulate in Hong Kong that the beneficiary is an impostor, it is clear that the petitioner has still not established the claimed relationship between her and the beneficiary. The appeal will accordingly be dismissed.

ORDER: The appeal is dismissed.