MATTER OF ABDOULIN

In Visa Petition Proceedings

A-21682628

*Decided by Board June 3, 1980*

(1) Where a visa petitioner left the United States for 11 years following his admission as a lawful permanent resident and then reentered thrice as a nonimmigrant visitor, he fails his burden of establishing lawful permanent residence so as to confer preference status to his spouse and his petition was properly denied even though no adjudication against him in deportation proceedings had been made. *Matter of Umale*, 16 I&N Dec. 682 (BIA 1979) and *Matter of Abdelhadi*, 15 I&N Dec. 383 (BIA 1975) distinguished.

(2) Unlike an exclusion or deportation proceeding, a denial of a waiver of a visa under section 211(b) of the Immigration and Nationality Act, 8 U.S.C. 1181(b) by a District Director does not constitute a definitive adjudication of abandonment of lawful permanent resident status.

(3) The denial of a visa petition because of petitioner's failure to meet his burden of proof that he was a lawful permanent resident, while not an adjudication of petitioner's personal status like a deportation proceeding, is a proper adjudication of his ability to confer benefits to another alien.

ON BEHALF OF PETITIONER: Willard H. Myers, Esquire
Wasserman, Orlow, Ginsberg & Rubin
936 Public Ledger Building
Philadelphia, Pennsylvania 19106

By: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated February 15, 1980, the District Director denied the visa petition submitted on behalf of the beneficiary by the petitioner under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The petitioner has appealed. The appeal will be dismissed.

The petitioner is a 27-year-old native and citizen of Iran. He was admitted into the United States as a permanent resident on October 29, 1964. He subsequently left the United States and returned to Iran with his family, where his mother is employed at the United States Embassy. He returned to the United States in 1975 and 1976 as a nonimmigrant student. He last entered the United States in May 1979 as a nonimmigrant visitor. The beneficiary is a 23-year-old native and

citizen of Iran. She married the petitioner on May 26, 1977, in Iran, and is presently in the United States.

The District Director denied the visa petition on the ground that the petitioner's application for a waiver of a visa under section 211(b) of the Act, 8 U.S.C. 1181(b), had been denied in 1979. He adopted the findings contained in the denial of the waiver dated February 15, 1980. These findings were that the petitioner was not a permanent resident of the United States and that he was not returning from a temporary visit abroad. He concluded that the petitioner had not carried his burden of proof in conferring benefits under section 203(a)(2) of the Act, because he had not established that he was a permanent resident of the United States pursuant to section 101(a)(20) of the Act, 8 U.S.C. 1101(a)(20).

On appeal, the petitioner contends that the decision of the District Director conflicts with the holding of *Matter of Umale*, 16 I&N Dec. 682 (BIA 1979) because the District Director is seeking to attack the petitioner's lawful permanent resident status in visa petition proceedings. It is said that this procedure denies him due process protections afforded in deportation proceedings under section 242 of the Act, 8 U.S.C. 1252.

The issue, then, is whether or not a visa petition can be denied on the ground that the petitioner has not established that he is entitled to permanent resident status, even though no adjudication of this status has occurred in deportation or exclusion proceedings.

The Service claims in its denial of the visa petition that *Umale, id.*, is distinguishable on the ground that the petitioner was last admitted into the United States as a nonimmigrant visitor, while *Umale* was admitted as a permanent resident. We agree that this is a distinction of importance. In *Umale, id.*, the petitioner had last been admitted into the United States as a permanent resident, and was in the United States at the time she submitted her visa petition on behalf of her spouse. The visa petition was denied by the District Director on the ground that she was not entitled to permanent resident status because she had been admitted as a permanent resident on the basis of her status as the unmarried daughter of a United States citizen, when it appeared that she had in fact been married at the time of her admission. We held that she would remain a lawful permanent resident until such time as she was found deportable. We remanded the record for further proceedings.

In *Matter of Abdelhadi*, 15 I&N Dec. 383 (BIA 1975), the alien had been admitted as a permanent resident, but was outside the United States at the time she submitted her visa petition. We held that on the basis of the evidence available, she had not carried her burden of proof in conferring benefits under the immigration laws. We also held that

her claim to permanent resident status was not at issue, and that the question of this status could only be presented in the context of a deportation or an exclusion hearing.

The underlying assumption of both *Umale* and *Abdelhadi* was that the permanent resident status of the petitioners was a claim of such importance that they could not be divested of this status without a full hearing. The result of both the cases was to protect this status. We, however, also found that where a question had arisen as to the status of the alien which affected his right to confer benefits under the immigration laws to other persons, it was not necessary to overlook this fact until the status had been independently adjudicated. The context of the proceedings is entirely different. In visa petition proceedings, the burden is always on the alien to show that he is entitled to confer benefits. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). In deportation proceedings, the burden is on the Government to show by clear, convincing, and unequivocal evidence that the alien is deportable. In the case of an alien with a colorable claim to permanent resident status who is placed in exclusion proceedings, the burden is also on the Government to show that he should not be divested of this status. *Matter of Kane*, 15 I&N Dec. 258 (BIA 1975).

In the present case, the petitioner falls into a position outside that occupied by either *Umale* or *Abdelhadi*. The petitioner was admitted as a lawful permanent resident in 1964, and then departed the United States for about 11 years. He reentered the United States as a nonimmigrant on 3 occasions between 1975 and 1979. Given the amount of time he spent outside the United States, coupled with his 3 entrances as a nonimmigrant over a period of 4 years, and the lateness of his claim to permanent resident status, we find that his permanent resident status has been placed in sufficient doubt so as to justify the conclusion that he has not established his entitlement to confer benefits under section 203(a)(2) of the Act.

In arriving at this conclusion, it is necessary to emphasize that our decision is based solely on the petitioner's actions. We do not agree that the denial of the application for a waiver of a visa under section 211(b) of the Act was a definitive adjudication of the petitioner's permanent resident status, as the District Director seems to imply. Nor do we agree that the apparent refusal of the consular officer to issue the petitioner a visa as a special immigrant under section 244 of the Act, 8 U.S.C. 1204, is binding on the Service. *See Tejeda v. INS*, 346 F.2d 389 (9 Cir. 1963). The Service may test the petitioner's status in a deportation proceeding. Until it does so, there has been no adjudication of his personal status. There has been, however, a proper adjudication of his right to confer benefits to another alien. In this context, we find that the petitioner has not carried his burden of proof, and the visa

petition must be denied. The appeal is accordingly dismissed.

ORDER: The appeal is dismissed.