## MATTER OF SANDOZ CROP PROTECTION CORPORATION

### In Visa Petition Proceedings

### CHI-N-36181

*Decided by Commissioner May 20, 1988*

(1) Specialized knowledge involves proprietary knowledge and an advanced level of expertise not readily available in the United States job market. This knowledge and expertise must be clearly different from those held by others employed in the same or similar occupations. Different procedures are not a proprietary right within this context unless the entire system and philosophy behind the procedures are clearly different from those of other firms, they are relatively complex, and they are protected from disclosure to competition.

(2) A petitioner's ownership of patented products or copyrighted works, in and of itself, does not establish that a particular employee has specialized knowledge. In order to qualify, the beneficiary must himself or herself be a key person with knowledge which is critical for performance of the job duties and which is protected from disclosure through patent, copyright, or company policy.

ON BEHALF OF PETITIONER: Melvyn E. Stein, Esquire
1 La Salle Street
Chicago, Illinois 60602

This is an appeal from the adverse decision of the director, Northern Regional Service Center. The appeal will be dismissed.

The petitioner manufactures and sells crop protection chemicals. It seeks to classify the beneficiary as an "L-1" intra-company transferee based upon its intent to employ him as a marketing manager. The beneficiary has been employed by the foreign enterprise as a sales representative.

The director denied the petition on the ground that the petitioner had failed to establish the beneficiary qualifies for "L-1" classification as a person who has been and would continue working in a capacity involving specialized knowledge.

On appeal, counsel asserts the beneficiary's knowledge of, and experience in, the marketing and sale of the petitioner's patented herbicide constitutes the necessary proprietary knowledge of a unique product to the specialized knowledge. According to counsel, the beneficiary's knowledge and skill are critical to the success of the petitioner's products in the United States.

"L-1" eligibility requires that a petitioner establish a beneficiary has been employed outside the United States in a qualifying mana-·gerial or executive capacity, or in a capacity involving specialized knowledge, for a qualifying firm, for the year prior to the beneficiary's application for admission to the United States. The petitioner must also demonstrate the beneficiary will be immediately employed in a qualifying capacity.

New regulations effective March 30, 1987, define "specialized knowledge." Specialized knowledge, as now described in 8 C.F.R. § 214.2(l)(1)(ii)(D) (1988), involves advanced knowledge and an advanced level of expertise not readily available in the United States job market, with the petitioner having a proprietary right to the knowledge or its product. The petitioner's proprietary interest must be such that the knowledge required is clearly different from that held by others employed in the same or similar occupations. Different procedures are not a proprietary right within this context unless the entire system and philosophy behind the procedures are clearly different from those of other firms, they are relatively complex, and they are protected from disclosure to competition.

According to supplementary information published with the new regulations on February 26, 1987:

> It was the Service's intention to provide clearer standards for determining specialized knowledge. Although commenters would prefer to retain the definition in current regulations, the Service believes that a revision is appropriate to better articulate case law.

52 Fed. Reg. 5740-41 (1987).

Most employees today are specialists and have been trained and given special knowledge. Nevertheless, it cannot be concluded all employees with special knowledge or all employees performing highly technical duties are eligible for classification as intra-company transferees. *Matter of Colley*, 18 I&N Dec. 117 (Comm. 1981); *Matter of Penner*, 18 I&N Dec. 49 (Comm. 1982). "L-1" petitions for other than managers and executives may only be approved for "persons with specialized knowledge, *not for skilled workers*." *Matter of Penner, supra*, at 52.

Both of the above precedent decisions cite the House of Representatives report which accompanied Public Law 91-225 (1970) when the "L-1" provisions were first enacted into law. H.R. Rep. No. 851, 91st Cong., 2d Sess. 2, *reprinted in* 1970 U.S. Code Cong. & Ad. News 2750. That report states the purpose of the "L-1" provisions is to facilitate the admission of "key personnel" and "managerial personnel."

A petitioner's ownership of patented products and processes or copyrighted works, in and of itself, does not establish that a par-

ticular employee has specialized knowledge. In order to qualify, the beneficiary must be a key person with materially different knowledge and expertise which are critical for performance of the job duties; which are critical to, and relate *exclusively* to, the petitioner's proprietary interest; and which are protected from disclosure through patent, copyright, or company policy.

The primary product the beneficiary has been marketing and selling in Canada is a specialized, patented herbicide agricultural chemical used to control broadleaf weeds. The petitioner argues the knowledge gained by the beneficiary managing two areas in Canada make him one of very few people able to market the herbicide for application to corn and wheat and for other specialized applications to pasture lands, fallow land, industrial vegetation, grass seed, and perennial weeds. According to the petitioner, the marketing of this herbicide requires a thorough knowledge of the product and the ability to communicate its use and effectiveness.

The petitioner has not established that skills relating exclusively to its business are necessary for the beneficiary to perform his proposed duties of marketing this product. In fact, one of the beneficiary's duties is to communicate to customers the use and effectiveness of the patented product, and the petitioner has not established the beneficiary needs proprietary knowledge of the product to do this.

In this proceeding, the petitioner has not established the beneficiary's knowledge is not related to common practices and is not readily available in the United States labor market. On the contrary, the beneficiary's knowledge of the sale and marketing of herbicides and the Canadian market is that normally expected of an employee in his position. It is not an advanced level of expertise which is materially different from that of others in similar positions employed by competitors.

*Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966), holds, in visa petition proceedings, the burden of proof to establish eligibility for the benefit sought rests with the petitioner. Here, that burden has not been met.

It is noted the record, as presently constituted, does not contain any evidence of a qualifying relationship between the United States and foreign enterprises. As the petition is otherwise not approvable, this issue does not need to be addressed further.

**ORDER:** The appeal is dismissed.

668