## MATTER OF ALLMON

### In Visa Petition Proceedings

### A-20284228

*Decided by Board January 16, 1975*

Petitioner is a United States citizen who sought immediate relative status for his alleged adopted son under section 201(b) of the Immigration and Nationality Act. Beneficiary was adopted in Matamoros, Tamaulipas, Mexico. Article 400 of the Civil Code of Tamaulipas provides for adoption only by persons "who have no descendants." Petitioner had two natural children. Therefore the adoption was not valid and the petition was properly denied because the beneficiary does not qualify as the child of the petitioner under section 101(b)(1)(E) of the Act.

ON BEHALF OF PETITIONER: Pro se

The petitioner is a United States citizen who sought immediate relative status for his alleged adopted son under section 201(b) of the Immigration and Nationality Act. The petition was denied by the district director in a decision dated November 15, 1973. The petitioner appealed from that denial. The appeal will be dismissed.

The petitioner presented a decree of adoption, dated December 5, 1970, issued by the Civil Registry of the City of Matamoros in the Mexican State of Tamaulipas, according to which he and his wife adopted the beneficiary.

The district director denied the petition on the ground that the adoption was not valid inasmuch as the petitioner and his wife have two natural children. As the district director pointed out, Article 400 of the Civil Code of Tamaulipas provides for adoption only by persons "who have no descendants." We have secured a translation of Article 400 from the Library of Congress. It reads as follows:

> *Art. 400.* Persons over 30 years of age, in the full exercise of their rights and who have no descendants, may adopt a minor or an incompetent, even if he is of legal age, provided the adopter is 17 years older than the person adopted, and that the adoption is beneficial to the latter.

We were advised by the Library of Congress, in a memorandum dated December 13, 1974, that Article 400 of the Civil Code of Tamaulipas is equivalent to Article 390 of the Civil Code of the Federal District and Territories of the Republic of Mexico, which apparently has been adopted verbatim by a number of Mexican states.

We accordingly agree with the district director's conclusion that the beneficiary does not qualify as the "child" of the petitioner under section 101(b)(1)(E) of the Immigration and Nationality Act.

The appeal accordingly will be dismissed.

**ORDER:** The appeal is dismissed.