MATTER OF ESPINOSA

In Visa Petition Proceedings

A–20997794

A–20998610

*Decided by Board April 27, 1977*

(1) The United States citizen petitioner applied for immediate relative status for his wife and stepson under section 201(b) of the Immigration and Nationality Act. Beneficiary married her first husband in Mexico on September 7, 1957. The stepson beneficiary was born November 18, 1958. Beneficiary married petitioner in 1967 in a ceremonial marriage in the State of Texas. On December 6, 1973, the petitioner and beneficiary adopted beneficiary's son. In March 1975 petitioner's wife entered into a mutual consent divorce decree terminating her first marriage before the Civil Registrar of Coahuila, Mexico. Four months later beneficiary and petitioner filed a Declaration and Registration of Informal Marriage under Title 1, section 1.92 of the Texas Code Annotated. The district director denied the petitions concluding that because a child had been born to the petitioner's wife and first husband, the mutual consent divorce decree was invalid under Mexican law, and therefore the beneficiary's subsequent marriage to the petitioner was invalid.

(2) Under Article 272 of the Civil Code of Coahuila a mutual consent divorce decree may be obtained only if the spouses have no children. The adoption of the child by petitioner and beneficiary would have removed that child from the marriage of the natural parents for purposes of the mutual consent divorce decree, if the adoption had been registered in the office of the Civil Registry of the state of the child's birth which was Zacatecas. The adoption was not registered in Zacatecas and as a result had no legal effect in the state of Coahuila. Thus, failure by the beneficiary and her first husband to mention the child in their mutual consent divorce decree entered into in Coahuila constituted grounds to annul the divorce decree.

(3) Under the Civil Code of Coahuila annulment of the divorce decree will not take effect without court action declaring the decree void, and the decree will be considered valid until such court action. Since there was no court action declaring the mutual consent divorce decree of beneficiary and her first husband void, that divorce is valid. Therefore, the parties' subsequent declaration of informal marriage created a valid marriage between them under the laws of the State of Texas and is valid for immigration purposes. The visa petitions will be granted.

ON BEHALF OF PETITIONER:   W. A. Griffis, Jr., Esquire
Griffis, Griffis & Wilson
P. O. Box 2190
San Angelo, Texas 76901

BY: Wilson, Acting Chairman; Maniatis, and Appleman, Board Members

The United States citizen petitioner has applied for immediate relative status for the beneficiaries as his wife and stepson under section

201(b) of the Immigration and Nationality Act. In a decision dated November 21, 1975, the District Director denied the petitions and the petitioner has appealed from that denial. The appeals will be sustained.

The beneficiaries are natives and citizens of Mexico. In support of the petitions, the petitioner submitted documents indicating that his step-son was born in Mexico on November 18, 1958; that on May 16, 1967, he married his wife in the state of Texas; and that in 1973 he adopted his stepson, also in the state of Texas. The District Director denied the petitions on the ground that, for immigration purposes, the petitioner was not validly married to the beneficiary-spouse due to the fact that her previous marriage had not been validly dissolved.

The petitioner's wife married her first husband in Mexico on September 7, 1957, with one son born to the couple the following year. In 1967, she entered into a ceremonial marriage to the petitioner, in the state of Texas. On December 6, 1973, the petitioner, joined by his wife, adopted her son. In March of 1975, the petitioner's wife entered into a mutual consent divorce decree before the Civil Registrar of Coahuila, Mexico.[1] The decree states, in part, that the parties to the divorce were without children and had so stated in writing. Four months later, the petitioner and his wife, pursuant to section 1.92 of the Texas Family Code, filed a Declaration and Registration of Informal Marriage.[2] The District Director concluded that because a child had been born to the petitioner's wife and her first husband, the divorce decree was invalid and therefore that her subsequent marriage to the petitioner was also invalid.

The legal validity of a marriage is generally determined by the law of the place of its celebration. *Loughran v. Loughran*, 292 U.S. 216 (1934); *Matter of Levine*, 13 I. & N. Dec. 244 (BIA 1969). The issue on appeal, therefore, is whether the state of Texas would recognize the mutual consent divorce as valid.

On appeal, counsel concedes that the District Director was correct in concluding that, under the law of Coahuila, Mexico, a mutual consent decree before a Civil Registrar cannot issue where children are involved, but reasons that since the child had been adopted by the petitioner by the time of the divorce, there were no children of the marriage.

---

[1] Counsel for the petitioner alleges on appeal that the petitioner's wife was of the opinion that she had previously divorced her first husband, but because the divorce papers could not be located, entered into a second divorce. We note that the petitioner has not submitted evidence to substantiate the existence of a prior divorce, and for purposes of this appeal we will assume that none exists.

[2] Under Tex. [Fam.] Code Ann. tit. 1, §§1.91 and 1.92 (Vernon), a declaration of informal marriage is recognized as valid in Texas. See *Esparza v. Esparza*, 382 S.W.2d 162 (Tex.Civ.App. 1965).

Under the Civil Code of Coahuila, mutual consent divorce decrees may be obtained from an official of the Civil Registry under the following conditions:

> *Art. 272.* In the cases that both spouses agree to a divorce and are of legal age, have no children, and by common accord have liquidated their community property, if they contracted to marry under this regime, they shall appear in person before the official of the Civil Registry of the place of their domicile; they shall prove with respective certification [issued by the office of the Civil Registry] that they are married and of legal age; and they shall express in a clear manner that they wish to divorce.
>
> . . .
>
> Par. three. A divorce decree thus obtained shall not produce legal effects if it is proved that the spouses had children, are minors, or have not liquidated their community property, in which cases they shall also be penalized pursuant to the provisions of the Code on this matter.[3]

Under Mexican law, the valid adoption of the beneficiary's son would remove that child from the marriage of his natural parents for purposes of the mutual consent divorce decree. However, that adoption decree would have to be registered in the office of the Civil Registry of the state of the child's birth, Zacatecas, in order to have legal effect.[4] Without such registering of the adoption decree, it would not produce legal effect in the state of Coahuila and, therefore, the failure of the natural parents to mention that they had a child would constitute grounds to annul the divorce decree.[5] However, under the Civil Code of Coahuila, the annulment of the divorce decree would not take effect until court action declaring it void, and would be considered valid until that time.

---

[3] Civil Code of the State of Coahuila (Cajica, Puebla, 1967).

[4] Article 65 of the Civil Code of the State of Zacatecas (Cajica, Puebla, 1964) states:

In order to establish the civil status of Mexicans born, acknowledged, subject to guardianship, emancipated, married, or deceased abroad, the certifications of these acts filed by the interested parties shall be sufficient, provided they have been issued pursuant to the laws of the country where the acts were effected and that they were registered in the office of the Civil Registry [of the state].

Article 228 states:

The judge that issues a decree approving an adoption shall forward copy of said decree to the judge in charge of the Office of the Civil Registry of the place [where the birth is recorded] in order that he issue the corresponding act in the book of acknowledgments by literally transcribing said decree, which shall be filed under the corresponding number.

[5] Under Article 121 of the Mexican Constitution, the acts of the Civil Registry in Zacatecas would have legal effect in Coahuila. Article 121 states:

Complete faith and credence shall be given in each State of the Federation to the public acts, registries, and judicial proceedings of all the others.

. . .

IV. Acts of a civil nature done in accordance with the laws of one State shall have validity in the others.

Therefore, although we know of no Texas case which is factually identical to the present case, it would appear that the Texas courts would accept the Mexican mutual consent decree as valid. As noted previously, the parties' subsequent declaration of marriage is valid in Texas, and consequently it is also valid for immigration purposes.

The appeal will be sustained.

**ORDER:** The appeal is sustained and the visa petitions are granted.