## MATTER OF SAUCEDA

In Visa Petition Proceedings

A-20724469

*Decided by Board February 4, 1982*

(1) At the time of the petitioner's purported adoption of the beneficiary, Article 400 of the Civil Code of Tamaulipas, Mexico, provided for adoption only by persons "who have no descendants."

(2) The United States citizen petitioner, who had a living natural child at the time of the beneficiary's adoption, failed to show that the adoption in Tamaulipas, Mexico, was in compliance with the Civil Code of that state, and, hence, did not establish that beneficiary qualified as a child of petitioner under section 101(b)(1)(E) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(E). *Matter of Espinosa*, 16 I&N Dec. 199 (BIA 1977), and *Mila* v. *District Director*, 494 F.Supp. 998 (D. Utah 1980), distinguished.

ON BEHALF OF PETITIONER:   Alma L. Lopez, Esquire
                          809 South Saint Mary's Street
                          San Antonio, Texas 78205

BY:  Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

The United States citizen petitioner has moved that we reopen the above captioned case in order to reconsider our decision of May 12, 1975, in which we affirmed the decision of the District Director and denied the petitioner's visa petition application. The motion will be denied.

In a per curiam order dated May 12, 1975, the Board denied the petitioner's appeal, citing *Matter of Allmon*, 15 I&N Dec. 165 (BIA 1975). In that case the beneficiary was adopted in Matamoras, Tamaulipas, Mexico. Article 400 of the Civil Code of Tamaulipas provides for adoption only by persons "who have no descendants." The petitioner had two natural children. Therefore, the adoption was not valid and the petition was properly denied because the beneficiary did not qualify as the child of the petitioner under section 101(b)(1)(E) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(E).

In support of his present motion, the petitioner makes the following contentions: (1) That recurrent trends in Mexican Civil Law no longer consider the "no descendants" requirement mandatory for a valid adoption. The petitioner points out that the Mexican State of Coahuila in its Civil Code, contained a section which, in pertinent part, was

exactly the same as Section 400 of the Tamaulipas Code and that in 1977, the Civil Code of Coahuila discarded the "no descendants" requirement at the time of adoption. (2) That the Mexican adoption court specifically declared that all "requisite legal demands were complied with, by the proper procedure. . . ." The petitioner argues that the Mexican Court, "*waived*" the "no-descendant" requirement and proceeded to declare the adoption in full compliance with the law. (3) That the Board's decision in *Matter of Espinosa*, 16 I&N Dec. 199 (BIA 1977), "clearly indicated that the District Director could not declare invalid the action of a Mexican Court, merely because of an alleged non-compliance with Mexican law." The petitioner contends that the District Director's declaration of "invalidity" was improper and submits that "*Allmon* can no longer be considered as a viable precedent and the decision in the case at hand, should be considered in light of *Espinosa* [sic]." (4) That *Mila* v. *District Director*, 494 F.Supp. 998 (D. Utah 1980), concludes that the Service and Board have been unduly restrictive. Petitioner contends that if a bona fide parent-child relationship exists, then the important inquiry must be the reality of the relationship and not the manner in which it arises. (5) That the equitable doctrine of adoption by estoppel should be applied in this case. Petitioner cites section 16.01 of the Texas family code. (6) Petitioner argues that the beneficiary is eligible for "discretionary relief available pursuant to section 244(a) and (d) of the Act, 8 U.S.C. 1254(a) and (d), known as suspension of deportation." (7) That the circumstances of this case "would also allow the exercise of the remedy known as waiver of excludability, based on 212(c) of the Act, 8 U.S.C. 1182(c)." (8) Finally the petitioner contends that "under O.I. 242(a)(21) the District Director may withhold or cancel deportation proceedings against an alien who is seeking to enroll, or has enrolled, in a course of academic study, under circumstances which would be applicable in this cause; and under O.I. 103. 1(a)(i)(ii) the District Director may withhold or cancel deportation proceedings in compassionate cases under the deferred action program."

In visa petition proceedings, the burden is on the petitioner to establish eligibility for the benefits sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). In such proceedings, the law of a foreign country is a question of fact which must be proved by the petitioner if he relies on it to establish eligibility for an immigration benefit. *Matter of Annang*, 14 I&N Dec. 502 (BIA 1973).

The immigration laws that we administer do provide for a United States citizen parent to confer status on an adopted child under section 201(b) of the Act, 8 U.S.C. 1151(b). To establish that a beneficiary is eligible for immediate relative status as an unmarried son or unmarried daughter under section 201(b), the petitioner must show that the beneficiary once qualified as his "child" within the meaning of section 101(b)(1)

of the Act. *Matter of Coker*, 14 I&N Dec. 521 (BIA 1974). The term "child," as defined by that section, includes an adopted child, section 101(b)(1)(E).

In this case, the petitioner has failed to establish that the beneficiary had been lawfully adopted. Article 400 of the Civil Code of Tamaulipas in effect at the time of the alleged adoption authorized only persons "who do not have natural descendants" to adopt minor children. The beneficiary's adoption was not in compliance with controlling law as the petitioner and his spouse had a natural child living in May 1972.

The petitioner alleges that current trends no longer consider *Allmon* as a viable precedent. However, he has not supported this allegation with evidence that the Civil Code of Tamaulipas has amended its "no descendants" requirement. Consequently, we find that *Allmon* is still controlling. *See also Matter of Garcia-Rodriquez*, 16 I&N Dec. 438 (BIA 1978).

Petitioner contends that "it is reasonable to conclude that the Mexican Court, in passing on the adoption in question, considered the requirements of [article] 400 and, having decided that the purpose of the no-descendant requirement was not applicable here, *waived* that requirement." We find no indication that the Mexican adoption court was made aware of the facts of this case.

Petitioner's reliance on *Espinosa* is misplaced. We stated in *Espinosa* that the issue was "whether the state of Texas would recognize the mutual consent divorce [decree before the Civil Registrar of Coahuila, Mexico] as valid." The decree was improperly entered and subject to possible annulment under Mexican law. However, the Civil Code of Coahuila explicitly provided that any such divorce decree would be considered valid until such time as it otherwise might be declared void by court action. In reliance on this express statutory presumption of validity, we found that Texas courts would accept the decree as valid. There is no indication here that the Civil Code of Tamaulipas contains a similar statute recognizing invalid adoptions as presumptively valid. On the contrary, the Civil Code of Tamaulipas, on which we must rely, expressly provides for adoptions only by persons "who have no descendants." Accordingly, the petitioner has not met his burden of establishing the fact of the foreign law. *Matter of Annang, supra.*

Petitioner's reliance on *Mila* is also misplaced. The court in *Mila* held that the Board must recognize customary adoptions in foreign countries, when such countries have no law governing adoptions and when the courts of such countries would enforce customary adoption. Here the Civil Code of Tamaulipas expressly provides for adoptions; Tamaulipas is not a legal system or society which only recognizes adoptions by custom. Under section 101(b) of the Act, the Civil Code of Tamaulipas is determinative of whether a qualifying relationship exists. *Matter of*

*Allmon, supra; Matter of Garcia-Rodriguez, supra.* Petitioner has not established a qualifying relationship under that law.

As to estoppel, we do not find the Texas doctrine of adoption by estoppel applicable to Mexican adoptions.

Finally, in reference to petitioner's arguments on appeal regarding suspension of deportation, waiver of excludability and withholding or cancellation of deportation proceedings, we note that these matters are not relevant to these visa petition proceedings.

Accordingly, the motion to reopen will therefore be denied.

**ORDER:** The motion is denied.