Mary Nell **EGAN**, Plaintiff–Appellant,

v.

John **WEISS**, Officer in Charge, INS, and the Department of Justice Board of Immigration Appeals, Defendants–Appellees.

No. 1426, Docket 96–6280.

United States Court of Appeals,
Second Circuit.

Argued April 28, 1997.

Decided July 11, 1997.

Mary Egan, West Hartford, CT, pro se.

Deborah R. Slater, Assistant United States Attorney, Hartford, CT (Christopher F. Droney, United States Attorney for the District of Connecticut, on the brief), for Defendants–Appellees.

Before: KEARSE and CALABRESI, Circuit Judges, and OBERDORFER, District Judge *.

PER CURIAM.

■ Plaintiff Mary Nell Egan, a United States citizen, appeals from a judgment of the United States District Court for the District of Connecticut, Janet Bond Arterton, *Judge*, dismissing her complaint seeking review under the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (1994), of a decision of the Immigration and Naturalization Service ("INS") Board of Immigration Appeals ("Board" or "BIA"), affirming the denial of her 1992 petition to classify her husband David Adebimpe, the beneficiary of the petition, as an "immediate relative" of a United States citizen pursuant to 8 U.S.C. § 1151(b)(2)(A)(i) (1994). The district court ruled that, in light of the past history of fraudulent submissions by Egan and Adebimpe in support of the petition, the Board's denial of the petition was not an abuse of

discretion. Egan contends that the Board was required to accept the "confirmation" of the Oyo Local Government Grade 'C1' Customary Court in Nigeria ("Oyo court" or "customary court") that, prior to leaving Nigeria, Adebimpe had never been married. For the reasons stated below, we see no basis for overturning the decision of the district court.

■ A United States citizen who petitions to have an alien classified as her spouse is required to "provide evidence of the claimed relationship," including "a certificate of marriage issued by civil authorities, *and proof of the legal termination of all previous marriages of both the petitioner and the beneficiary.*" 8 C.F.R. § 204.2(a)(2) (1997) (emphasis added). The burden of proving the claimed relationship is on the petitioner. *See, e.g.,* 8 U.S.C. § 1361 (1994); *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman,* 736 F.2d 1305, 1308 (9th Cir.1984); *Elatos Restaurant Corp. v. Sava,* 632 F.Supp. 1049, 1053 (S.D.N.Y.1986); *Matter of Brantigan,* 11 I & N Dec. 493 (BIA 1966). The Board's denial of a classification petition may be overturned only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See* 5 U.S.C. § 706; *North American Industries, Inc. v. Feldman,* 722 F.2d 893, 898 (1st Cir.1983); *Mila v. District Director of the Denver, Colorado District of the Immigration & Naturalization Service,* 678 F.2d 123, 125 (10th Cir.1982), *cert. denied,* 459 U.S. 1104, 103 S.Ct. 726, 74 L.Ed.2d 952 (1983); *Kaliski v. District Director of Immigration & Naturalization Service,* 620 F.2d 214, 216 n. 1 (9th Cir.1980). "Appropriate deference must be accorded [the INS's] decisions" in light of the widespread fraud associated with immediate-relative petitions. *INS v. Miranda,* 459 U.S. 14, 18–19 & n. 4, 103 S.Ct. 281, 283–84 & n. 4, 74 L.Ed.2d 12 (1982) (per curiam).

As found by the district court and not disputed by Egan, when Adebimpe applied for a visitor's visa to enter the United States in 1989, he represented that he was married

---

* Honorable Louis F. Oberdorfer, of the United States District Court for the District of Columbia, sitting by designation.

to a Nigerian, Folashade Adebimpe, and had a child. In 1992, while in the United States, he married Egan. Their Connecticut marriage license contained the representation by both Egan and Adebimpe that Adebimpe had previously been married and that that marriage had been terminated on February 14, 1991. In August 1992, Egan brought the present petition to have Adebimpe classified as an immediate relative. The petition stated that Adebimpe had previously been married; attached to the petition was, *inter alia*, a Biographic Form for Adebimpe stating that he had a prior marriage that had been terminated on February 14, 1991. In February 1993, Adebimpe filed an application for Permanent Residence which indicated that he had a prior marriage that had been terminated on February 14, 1991; Adebimpe signed an attestation clause affirming that the information he provided in the application form was true. The INS examiner informed Egan that her petition to have Adebimpe classified as an immediate relative on the basis that he was her spouse would not be granted unless she submitted a divorce decree proving that Adebimpe's earlier marriage to Folashade Adebimpe had been legally terminated, *i.e.*, proof required by the INS regulation. In response, Egan submitted a divorce decree dated February 14, 1991, that purportedly had been issued by the Ikeja Customary Court in Nigeria. Because the document submitted by Egan was not accompanied by a Foreign Service Officer's certification of genuineness as required by 8 C.F.R. § 287.6 (1997), the INS examiner forwarded the document to the American Consulate in Nigeria for review. The Consulate thereafter notified INS of its belief that the document was fraudulent.

In September 1993, INS formally notified Egan that it intended to deny her petition on the ground that the purported divorce decree she had submitted was fraudulent and that she therefore had not established that her marriage to Adebimpe was "valid for immigration purposes." After retaining new counsel, Egan and Adebimpe conceded that the purported divorce decree was indeed fraudulent.

Egan and Adebimpe then took the position that the statement in Adebimpe's initial visa application that Adebimpe was married was itself untrue. If that statement was indeed false, and Adebimpe therefore had never been married, there would be no requirement that Egan show the dissolution of a prior marriage. Adebimpe thus submitted an affidavit stating that he had misrepresented his marital status to the American Consul in 1989, believing that married status would facilitate his obtaining a visa to enter the United States. Thereafter, he had continued to misrepresent his marital status simply in order to maintain consistency. Adebimpe stated that Folashade Adebimpe was really his sister. In addition, Egan submitted an affidavit from Adebimpe's father stating that Adebimpe had never been married before leaving Nigeria in 1989, and an affidavit from Folashade Adebimpe stating the she is Adebimpe's sister and has never been married to him. Egan also submitted a copy of a declaration from the Oyo court, unaccompanied by a certification of genuineness as required by 8 C.F.R. § 287.6, stating that Adebimpe was never married before he left Nigeria in 1989.

The INS district director denied Egan's petition, finding the affidavits not sufficiently supported by other evidence to give them significant probative value. On appeal, the Board agreed with the district director that the affidavits were self-serving and should be given little weight. The BIA also considered the decree of the Oyo court but found that it appeared to rest on nothing more than the affidavit of Adebimpe's father. The Board stated that it was not required to give full faith and credit to that decree, noting, *inter alia*, that a "foreign judgment[ ] may not be accepted by the courts where the proceedings underlying that judgment may have been conducive to fraud or collusion, even though the propriety of the judgment itself is not in question." BIA Decision dated May 17, 1996. The Board concluded that Egan had not carried her burden of establishing eligibility for the classification requested and noted that any ambiguity in the record had been caused by the prior fraudulent statements submitted by Egan and Adebimpe. Against this background, we find no merit in the contention that the Board was required

to accept the truth of the self-serving statements contained in the various affidavits submitted by Egan, Adebimpe, and Adebimpe's family members.

Nor was the Board required, in the circumstances, to accept the truth of the assertions "confirm[ed]" in the Oyo customary court order. That order was not obtained as a result of an adjudication or any independent investigation by the court into Adebimpe's marital status, but rather was functionally more akin to a court notarization of an affiant's attestation to a given fact, without any assessment of the affiant's credibility. The decree states simply that the "court believes the contents stated" in the affidavit of Adebimpe's father "since the applicant . . . himself signed the affidavit before the Commissioner for Oaths." Egan submitted this decree only after a divorce decree purportedly from the Ikeja customary court, as to which Egan had not submitted a Foreign Service Officer's certification of genuineness as required by 8 C.F.R. § 287.6, was determined to be fraudulent by the INS, a determination later conceded by Egan and Adebimpe. In submitting the Oyo court's order, Egan again failed to submit the requisite certificate of genuineness. That failure, combined with the long history of fraudulent misrepresentations by Egan and Adebimpe, persuades us that the Board did not abuse its discretion in declining to accept the Oyo court's order as binding.

## CONCLUSION

We have considered all of Egan's arguments in support of her contention that the Board abused its discretion in affirming the denial of her petition and have found them to be without merit. The judgment of the district court is affirmed.

OBERDORFER, District Judge, concurring:

I concur fully with the *per curiam* opinion and its judgment that the Immigration and Naturalization Service ("INS") acted within its discretion when it refused to classify appellant's husband as her "immediate relative." At this time they are, and apparently have been for several years, husband and wife under Connecticut law. In addition, a Customary Court in Oyo, Nigeria has confirmed, apparently to the satisfaction of the Nigerian process requirements, that despite the husband's earlier (and fraudulent) representations to the contrary, he was never married before he left Nigeria. It is one thing for the INS to challenge his credibility, but quite another to disparage the official act of the Oyo Customary Court.

However, neither appellant nor her husband submitted to the INS a Foreign Service Officer's certification of the Oyo Customary Court decree as required by 8 C.F.R. § 287.6 (1996). This omission justifies the decision of the District Court to affirm the INS's ruling and dismiss the complaint. In view of the foregoing, it is not necessary to reach the issue that would be presented if appellant furnished the INS with an appropriate Foreign Service Officer's certification, and the INS nonetheless sought to "tear asunder" an apparently long-standing, valid Connecticut marriage by deporting her husband.