# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2815

_____

| | | |
|---|---|---|
| Atmera Gipson, Solly Sathekge, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| Immigration and Naturalization Service; | * | Appeal from the United States |
| Chester S. Moyer, Officer in Charge of | * | District Court for the |
| St. Louis suboffice of the United States | * | Eastern District of Missouri. |
| Immigration and Naturalization Service; | * | |
| Board of Immigration Appeals, of the | * | |
| United States Immigration and | * | |
| Naturalization Service; John Ashcroft,[1] | * | |
| Attorney General of the United States, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 17, 2002

Filed: March 27, 2002

_____

_____

[1]John D. Ashcroft has been appointed to serve as Attorney General of the United States and is substituted as appellee under Federal Rule of Appellate Procedure 43(c)(2).

Before WOLLMAN,[2] Chief Judge, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.
_____

WOLLMAN, Chief Judge.

This is an appeal from the district court's[3] adverse grant of summary judgment affirming the denial by the Board of Immigration Appeals (BIA) of Atmera Gipson's application to have her husband, Solly Sathekge, classified as an immediate relative of a United States citizen. We affirm.

**I.**

Sathekge entered the United States in 1992 on a visitor visa. After Sathekge was apprehended by the Immigration and Naturalization Service (INS) in May of 1994 for overstaying his visa, deportation proceedings were instituted against him. Sathekge married Gipson in September of 1994. Gipson filed a Petition for Alien Relative in January 1995, seeking to have Sathekge classified as an immediate relative of a United States citizen, a classification that would make Sathekge eligible for permanent residence in the United States. The petition filed identified Sathekge as "Solly Phillemon Sathekge," born on February 11, 1963, in South Africa.

After the INS confronted Sathekge with evidence that he was not the person identified as "Solly Phillemon Sathekge" on his passport, Sathekge signed an affidavit stating that his name was Cecil Edward Tshoaedi. Four years later, he filed

[2]The Honorable Roger L. Wollman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on January 31, 2002. He has been succeeded by the Honorable David R. Hansen.

[3]The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

a biographical information form with the INS stating that he was born on August 28, 1964, in Nigeria. He also indicated that he used the name Olufemi Omiye. The Circuit Court of St. Louis County, Missouri, entered Judgment of Name Change for Sathekge from Olufemi Omiye to Solly Sathekge on August 2, 1999. Gipson and Sathekge then filed a complaint for a writ of mandamus in the United States District Court to compel the INS to adjudicate their petition. On November 24, 1999, the officer in charge of the St. Louis office of the INS, denied their petition, noting that,

> In more than five years of contact with Immigration, Mr. Sathekge has failed to truthfully identify himself, despite numerous opportunities to do so. . . . The Service has established an undeniable pattern of fraud perpetrated by Mr. Sathekge over a five-year time frame. We will never be sure exactly who he is, where he comes from, when he was born, or who his parents are, and, therefore, we will never be able to verify his eligibility for ANY immigration benefit.

U.S. Department of Justice, Immigration and Naturalization Service, Decision on Atmera Gipson's I-130 Petition for Alien Relative, November 24, 1999 (emphasis in original). The BIA quoted this language when dismissing Gipson's appeal from the decision denying the petition. U.S. Department of Justice, Immigration and Naturalization Service, Decision of the Board of Immigration Appeals, June 15, 2000. The BIA also noted that Gipson had not met her burden of establishing that the beneficiary, Sathekge, was eligible for the benefit sought. Id. (citing Matter of Brantigan, 11 I&N Dec. 493 (BIA 1966)).

Gipson and Sathekge then filed a complaint in the district court seeking declaratory relief from the BIA's decision, alleging that the decision was contrary to law, arbitrary, capricious, and an abuse of discretion. It is from the district court's grant of appellees' motion for summary judgment that Gipson and Sathekge now appeal.

## II.

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. Cent. S.D. Co-op. Grazing Dist. v. Sec'y of United States Dept. of Agric., 266 F.3d 889, 894 (8th Cir. 2001). Summary judgment should be granted if the evidence, viewed in the light most favorable to the non-moving party, indicates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

Decisions whether to grant preferential immigration classification are within the discretion of the INS, acting as an arm of the attorney general. 8 U.S.C. § 1154(a)(1)(H); Choi v. INS, 798 F.2d 1189, 1191 (8th Cir. 1986) (reviewing decision denying non-immigrant treaty investor status); see also Egan v. Weiss, 119 F.3d 106, 107 (2d Cir. 1997) (per curiam) (reviewing denial of petition to have alien classified as spouse); North American Industries, Inc. v. Feldman, 722 F.2d 893, 898 (1st Cir. 1983) (reviewing denial of petition to have alien classified as sixth-preference immigrant on basis of profession). The denial of a petition for preferential immigration classification is reviewed for a determination of whether the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2); Choi, 798 F.2d at 1191. "'Appropriate deference must be accorded [the INS's] decisions' in light of the widespread fraud associated with immediate-relative petitions." Egan, 119 F.3d at 107 (quoting INS v. Miranda, 459 U.S. 14, 18-19 & n.4 (1982) (per curiam)).

A United States citizen can petition to have an alien spouse classified as an "immediate relative," a preferential immigration classification. 8 U.S.C. § 1151(b)(2)(A)(i). Immediate relatives may be admitted to the United States without numerical limitations. 8 U.S.C. § 1151(b). Once an alien's petition for identification as an immediate relative is approved, he or she may then petition for an adjustment

-4-

of status to that of a person admitted for permanent residence. 8 C.F.R. § 245 et seq. Sathekge argues that the fact of his valid marriage license is enough to carry him through step one and that the BIA denial of his reclassification as an immediate relative therefore constituted an abuse of discretion.

As appellees point out, there can be no meaningful review of the truth behind a petition for classification as an immediate relative if the reviewing agency does not have accurate information regarding the name, place of origin, and family ties of the applicant. Based on the inconsistent data given by Sathekge, the INS could not even determine whether he had been previously married and thus could not determine whether his marriage to Gipson was in fact valid. Despite appellants' arguments to the contrary, the mere existence of a marriage license does not end the inquiry. The INS has the responsibility to ensure that the marriage is not a sham perpetrated to work a fraud on the immigration system. See Egan, 119 F.3d at 107. To carry out this responsibility, the INS requires accurate identity information. Sathekge's failure to provide this information and his repeated submission of false information prevented the INS from fulfilling its duty. Accordingly, we conclude that the BIA did not abuse its discretion in denying Gipson's petition that Sathekge be granted classification as an immediate relative.

We reject appellants' argument that by choosing one of his aliases to use in addressing him, the INS has admitted knowledge of Sathekge's identity. It does not follow that, having identified a person to be deported, the INS is bound to admit knowledge of identity sufficient to grant that person preferential immigration classification.

The judgment is affirmed.

-5-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.