11-3170-cv
Koffi v. Holder

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of July, two thousand twelve.

PRESENT:
           PETER W. HALL,
           SUSAN L. CARNEY,
                    *Circuit Judges*,
           RICHARD M. BERMAN,[*]
                    *District Judge.*

_____

Bruno Ngoran Koffi, Beneficiary of Visa Petition
filed by Gayle Karen Koffi, Gayle Karen Koffi,

                         *Petitioners - Appellants,*

                         v.                          11-3170-cv

Eric H. Holder, Jr.,
United States Attorney General,

                         *Respondent - Appellee.*

_____

FOR APPELLANTS:          Glenn L. Formica, Elyssa N. Williams, Formica, P.C., New
                         Haven, Connecticut.

_____

[*] Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLEE: Neelam Ihsanullah, Trial Attorney, U.S. Dep't of Justice, Theodore W. Atkinson, Senior Litigation Counsel, David J. Kline, Director, Office of Immigration Litigation, Tony West, Assistant Attorney General, U.S. Dep't of Justice, Washington D.C.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Bruno Koffi and Gayle Koffi (together, "Appellants") appeal from a grant of summary judgment in favor of Appellee Eric H. Holder Jr., Attorney General of the United States, on their claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, that the United States Customs and Immigration Service ("USCIS") and the Board of Immigration Appeals ("BIA") erroneously and without substantial evidence concluded that Appellant Bruno Koffi entered into a fraudulent marriage with his first wife, Alexine Odom, for the purpose of evading immigration laws. Based on that determination, the district director of USCIS denied Appellant Gayle Koffi's Form I-130 immediate-relative petition that she had filed on her husband Bruno Koffi's behalf. The BIA affirmed the denial. We assume the parties' familiarity with the underlying facts and procedural history of the case, and we discuss those only as necessary for our review.

While we review *de novo* the district court's grant of summary judgment, we afford "appropriate deference" to the BIA's and district director's decisions "in light of the widespread fraud associated with immediate-relative petitions." *Egan v. Weiss,* 119 F.3d 106, 107 (2d Cir. 1997). Under the APA, we may set aside agency decisions if they are "arbitrary, capricious, [or] an abuse of discretion," 5 U.S.C. § 706(2)(A), or "unsupported by substantial evidence." *Id.* § 706(2)(E). "Substantial evidence means more than a mere scintilla. It means such relevant

2

evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks omitted).

A Form I-130 petition for an immediate relative must be denied if there is "substantial and probative evidence" of conspiracy to enter into a marriage, including previous marriages, "for the purpose of evading the immigration laws." 8 C.F.R. § 204.2(a)(1)(ii); *see* 8 U.S.C. § 1154(c). "Although it is not necessary that the alien have been convicted of, or even prosecuted for the . . . conspiracy, the evidence . . . must be contained in the alien's file." 8 C.F.R. § 204.2(a)(1)(ii). Under our narrow scope of review applicable to the issues in this case, we affirm the decisions of the BIA and the district director.

During the review of Appellants' Form I-130 immediate-relative petition, the government presented evidence indicating that Mr. Koffi's first marriage, to Alexine Odom, was obtained as part of a complex marriage fraud ring led by Mr. Koffi's former immigration attorney. After the USCIS informed Mr. Koffi of these allegations, Mr. Koffi submitted certain proof to demonstrate the bona fide nature of his marriage to Ms. Odom.[1] The BIA and district director found this evidence insufficient to rebut the serious allegations of marriage fraud. Unlike the

---

[1] While Mr. Koffi submitted a number of documents indicating that he and Ms. Odom shared financial accounts, the record contains not a single affidavit from a neighbor, friend, or acquaintance evincing a wedding ceremony or shared activities and experiences, as might be expected when couples enter into bona fide marriages. *See In re Steve Estrada*, A96 003 508, 2008 WL 2783077 (B.I.A. June 10, 2008) (noting that the "the lack of affidavits from neighbors and others who would be better able to corroborate the residence of the respondent and his spouse in the United States, as well as the lack of a single photograph showing the couple together" is evidence that can support a finding of marriage fraud). To the extent Appellants offer new evidence or new argument here, we abide by the well-settled rule that "an appellate court will not consider an issue raised for the first time on appeal." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008). Similarly, the BIA was not required to consider any new evidence not before the district director. *See Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir. 2006).

facts of *In re Khaled Azzab*, A79 053 230, 2007 WL 3301607 (B.I.A. Sept. 28, 2007), the government's source indicating that Mr. Koffi had obtained a marriage for the purpose of evading immigration laws was not so lacking in indicia of reliability as to be given no weight. Given the state of the evidence, a reasonable mind might accept the conclusion that Mr. Koffi's first marriage was entered into for the purpose of evading the immigration laws. Thus, the agencies' conclusion to this effect is supported by substantial evidence. *See Friends of Ompompanoosuc v. FERC*, 968 F.2d 1549, 1554 (2d Cir. 1992). We have no basis to disturb their decisions.

Appellants also argue that the government's failure to challenge Mr. Koffi's marriage to Ms. Odom in 1996, when another Form I-130 (based on his second marriage to a United States citizen) was approved, and the government's failure to provide Mr. Koffi with documentary proof supporting the government's position until 2010, prejudiced his ability to counter the charges. Mr. Koffi, however, has been aware of the charges since at least 1999, when the government notified Mr. Koffi that his former attorney had been investigated for and convicted of arranging fraudulent marriages and that Mr. Koffi's and Ms. Odom's names were identified by one of his attorney's "arrangers" as being parties to a fraudulent marriage. In addition, when Mr. Koffi's second Form I-130 was approved in 1996, the government agency responsible for approving the petition did not yet suspect him of fraud. Once the review of Mr. Koffi's file revealed allegations of marriage fraud, however, the government sought to revoke the Form I-130 it had previously granted. To rebut the charges, Mr. Koffi submitted essentially the same evidence he now submits in order to prove that his marriage to Ms. Odom was bona fide. The government has thus pressed its case against Mr. Koffi since at least 1999, and Mr. Koffi has responded each time with substantially the same evidence. Mr. Koffi does not articulate what

documentation or evidence may have been lost because of the government's failure to assert the allegation in 1996. Koffi having shown no prejudice, we decline to disturb the agencies' decisions.

With regard to Appellants' argument that the actual documentation bearing the allegations needed to be disclosed, the regulations state that Mr. Koffi need only be "advised of" the derogatory information in the case of an adverse decision. 8 C.F.R. § 103.2(b)(16)(i). The actual documents are not required to be disclosed. *See In re Liedtke*, A070 656 080, 2009 WL 5548116 (B.I.A. Dec. 31, 2009) ("[T]he regulations do not place upon USCIS a requirement that the actual documents be provided to a petitioner in order to comply with due process."). We conclude, therefore, that the government properly advised Mr. Koffi of the derogatory information in his file and gave him a meaningful opportunity to rebut it.

We have considered the Appellants' remaining arguments and find them without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk