13-2984-cv
*Bourisquot v. Holder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand fourteen.

PRESENT:    BARRINGTON D. PARKER,
            DENNY CHIN,
                    *Circuit Judges*,
            WILLIAM K. SESSIONS, III,
                    *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GISELE BOURISQUOT, JEAN MARIE BOURSIQUOT,
                    *Plaintiffs-Appellants*,

                    -v.-                                    13-2984-cv

ERIC H. HOLDER, JR., United States Attorney General, ALEJANDRO MAYORKAS, Director, United States Citizenship & Immigration Services,
                    *Defendants-Appellees*.[†]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

[*] The Honorable William K. Sessions, III, of the United States District Court for the District of Vermont, sitting by designation.

[†] The Clerk of the Court is directed to amend the caption to conform to the above.

FOR PLAINTIFFS-APPELLANTS: ELYSSA N. WILLIAMS (Glenn L. Formica, *on the brief*), Formica Williams, PC, New Haven, Connecticut.

FOR DEFENDANTS-APPELLEES: CAROLYN A. IKARI, Assistant United States Attorney (Edward Chang, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants Gisele Bourisquot ("Gisele") and Jean Marie Bourisquot ("Jean Marie") appeal from the district court's judgment entered September 9, 2013 granting summary judgment to defendants-appellees and dismissing the Bourisquots' complaint seeking review under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, of a decision by the Board of Immigration Appeals ("BIA"). The district court upheld the BIA's decision, which in turn affirmed the decision of the U.S. Citizenship and Immigration Services to deny Gisele's I-130 Petition for "immediate relative" status on behalf of her husband Jean Marie. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Our review of the district court's decision is *de novo*, *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007), but we may only overturn an agency decision if it is "arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); *accord Egan v. Weiss*, 119 F.3d 106, 107 (2d Cir. 1997) (per curiam).

A U.S. citizen (the "petitioner") may seek preferential immigration status on behalf of an alien spouse (the "beneficiary") by filing a Form I-130 Petition. 8 U.S.C. § 1154(a)(1)(A)(i). Pursuant to the marriage-fraud bar, however, an I-130 Petition must be denied if there is "substantial and probative evidence" that (1) the beneficiary "has previously been accorded, or has sought to be accorded," immediate relative status based on a marriage "entered into for the purpose of evading the immigration laws," or (2) the beneficiary "has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c); *accord* 8 C.F.R. § 204.2(a)(1)(ii). The petitioner carries the burden of proving the beneficiary's visa eligibility, and must therefore rebut any evidence of marriage fraud "in the alien's file" with proof that the prior marriage was *bona fide*, *i.e.*, not fraudulent. 8 C.F.R. § 204.2(a)(1)(ii); *accord In re Kahy*, 19 I. & N. Dec. 803, 805-07 (BIA 1988); *In re Laureano*, 19 I. & N. Dec. 1, 2-3 (BIA 1983).

Substantial and probative evidence supports the BIA's decision here. In two sworn statements, Jean Marie admitted the following: his previous marriage to Mirlande Lauture, a naturalized U.S. citizen, was not *bona fide*; the two separated immediately after the marriage and never spoke to or saw each other again; and they never shared any assets or property. Jean Marie further admitted that he knew his

- 3 -

cousin arranged for Lauture to travel to Haiti to help him obtain U.S. residency.  The agency reasonably concluded that Jean Marie knew he was entering into a marriage, as the marriage certificate he signed was clearly labeled.  The agency also reasonably inferred, based on Jean Marie's misrepresentations about his previous marriage, that he had intended to evade the immigration laws through a sham marriage.

We have considered the Bourisquots' remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk