17-1700-cv
*Sikh Cultural Soc'y v. USCIS*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

     **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand eighteen.**

PRESENT:     AMALYA L. KEARSE,
               JOSÉ A. CABRANES,
               RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

---

THE SIKH CULTURAL SOCIETY, INC.,

           *Plaintiff-Appellant*,                  17-1700-cv

         v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

           *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          MICHAEL E. PISTON, New York, NY.

**FOR DEFENDANT-APPELLEE:**

ELLIOT M. SCHACHNER, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an April 1, 2017 judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's April 1, 2017 judgment be **AFFIRMED**.

Plaintiff-Appellant The Sikh Cultural Society, Inc. ("SCS") appeals the District Court's grant of summary judgment in favor of Defendant-Appellee United States Citizenship and Immigration Services ("USCIS"), which found that SCS's 2009 petition for a special immigrant religious worker visa for Birender Singh, as provided for in 8 U.S.C. § 1153(b)(4), was properly denied. USCIS denied that petition in 2010, and SCS appealed. USCIS's Administrative Appeals Office ("AAO") dismissed SCS's appeal in 2012 because of discrepancies or inadequate evidence as to Singh's compensation, housing, and employment history; because SCS had not provided all of the requested information; and because SCS had not shown that Singh had worked continuously for the two years leading up to the petition, as required by 8 U.S.C. § 1101(a)(27)(C). After the AAO had dismissed SCS's appeal, SCS filed in 2012–14 several motions for reconsideration of the decision or reopening of the proceedings. The AAO dismissed the motions for reconsideration, granted the motions to reopen, and reaffirmed the visa denial, noting that old discrepancies had not been resolved and that new submissions by SCS had introduced additional discrepancies. We assume the parties' familiarity with the underlying facts, the remaining procedural history of the case, and the issues on appeal.

"On appeal from a grant of summary judgment involving a claim brought under the Administrative Procedure Act [("APA")], we review the administrative record *de novo* without according deference to the decision of the district court." *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). The APA requires the reviewing court to "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Guertin v. United States*, 743 F.3d 382, 385 (2d Cir. 2014). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Agency action is arbitrary and capricious if:

[T]he agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation

for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.* Under this standard, "so long as the agency examines the relevant data and has set out a satisfactory explanation including a rational connection between the facts found and the choice made, a reviewing court will uphold the agency action." *Karpova*, 497 F.3d at 268.

Plaintiff-Appellant petitioned for a special immigrant religious worker visa for one of its employees, Birender Singh ("Singh"), as provided for in 8 U.S.C. § 1153(b)(4). The Immigration and Nationality Act of 1965 ("INA") defines a special immigrant of this type as an alien who:

(i)       for at least 2 years immediately preceding the time of application for admission, has been a member of a religious denomination having a bona fide nonprofit, religious organization in the United States;

(ii)      seeks to enter the United States—

    (I)      solely for the purpose of carrying on the vocation of a minister of that religious denomination,

    (II)     before September 30, 2015, in order to work for the organization at the request of the organization in a professional capacity in a religious vocation or occupation, or

    (III)    before September 30, 2015, in order to work for the organization (or for a bona fide organization which is affiliated with the religious denomination and is exempt from taxation . . .) at the request of the organization in a religious vocation or occupation; and

(iii)     has been carrying on such vocation, professional work, or other work continuously for at least the 2-year period described in clause (i).

8 U.S.C. § 1101(a)(27)(C). To obtain a visa, the alien or his employer must file a Form I-360 petition and submit evidence relating to the religious organization, the alien's prospective position, the alien's qualifications as a religious worker, and the organization's compensation scheme for the alien. *See* 8 C.F.R. §§ 204.5(m)(6)–(10). Additionally, the organization must submit proof that the alien has the required qualifying work experience from the two years preceding the petition. *Id.* § 204.5(m)(11). If the alien was employed in the United States during this two-year period, the regulations require as follows:

(i)     [If the alien r]eceived salaried compensation, the petitioner must submit IRS documentation that the alien received a salary, such as an IRS Form W-2 or certified copies of income tax returns.

(ii)    [If the alien r]eceived non-salaried compensation, the petitioner must submit IRS documentation of the non-salaried compensation if available.

(iii)   [If the alien r]eceived no salary but provided for his or her own support, and provided support for any dependents, the petitioner must show how support was maintained by submitting with the petition additional documents such as audited financial statements, financial institution records, brokerage account statements, trust documents signed by an attorney, or other verifiable evidence acceptable to USCIS.

*Id.*

We agree with the District Court that USCIS's denial of a religious worker visa for Singh was not arbitrary and capricious. A petitioner has the burden of demonstrating eligibility for the requested visa. 8 U.S.C. § 1361; *see also Egan v. Weiss*, 119 F.3d 106, 107 (2d Cir. 1997). In this case, the record indicates that USCIS considered the totality of the evidence submitted and reasonably concluded that SCS's conflicting assertions and evidence regarding Singh's employment and compensation undermined SCS's credibility and called into question whether Singh met the statutory requirement of two years of continuous qualifying employment in a religious occupation.

## CONCLUSION

We have reviewed all of the arguments raised by SCS on appeal and find them to be without merit. We therefore **AFFIRM** the April 1, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4