*Zhang v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of March, two thousand nineteen.

PRESENT:
>           ROBERT D. SACK,
>           REENA RAGGI,
>           SUSAN L. CARNEY,
>                     *Circuit Judges.*

—————————————————————————

Ru Jun Zhang, Yanli Chen,

>           *Plaintiffs-Appellants*,

>      v.                                                          18-896

William P. Barr, United States Attorney General, Thomas M. Cioppa, District Director for the New York United States Citizenship and Immigration Services,

>           *Defendants-Appellees.**

—————————————————————————

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | Gary J. Yerman, Esq., New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Varuni Nelson, Joseph A. Marutollo, Assistant United States Attorneys, Of Counsel, *for* Richard P. Donoghue, United |

---

* The Clerk of Court is directed to amend the caption as shown above.

States Attorney for the Eastern District of New York**,** Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on March 5, 2018, is **AFFIRMED**.

Plaintiffs-Appellants Ru Jun Zhang and Yanli Chen appeal the district court's judgment affirming a decision of the Board of Immigration Appeals ("BIA") and denying their claim that the agency's decision violated the Administrative Procedure Act. The BIA affirmed a decision of the U.S. Citizenship and Immigration Services ("USCIS") denying the I-130 Petition for Alien Relative that Zhang, a U.S. citizen, filed in 2007, seeking to have the agency classify Chen, a non-citizen, as his spouse preliminary to her application for lawful permanent residency. *See* 8 U.S.C. § 1154(a)(1)(A)(i). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as needed to explain our decision to affirm.

We will overturn the BIA's denial of a classification petition only if the agency's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Egan v. Weiss,* 119 F.3d 106, 107 (2d Cir. 1997). We accord "[a]ppropriate deference" to the BIA's classification decisions "in light of the widespread fraud associated with immediate-relative petitions." *Egan* 119 F.3d at 107. "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Thus, "so long as the agency examines the relevant data and has set out a satisfactory explanation including a rational connection between the facts found and the choice made, a

reviewing court will uphold the agency action." *Karpova v. Snow*, 497 F.3d 262, 268 (2d Cir. 2007).[1]

A non-citizen may obtain lawful permanent resident status based on a marriage to a U.S. citizen if the U.S.-citizen spouse first files an I-130 petition and establishes that a bona fide relationship exists between petitioner and beneficiary. *See* 8 U.S.C. § 1154(a)(1)(A)(i). A U.S. citizen who so petitions is required to "provide evidence of the claimed relationship," including, inter alia, "proof of the legal termination of all previous marriages of both the petitioner and the beneficiary." 8 C.F.R. § 204.2(a)(2). The U.S. citizen petitioner bears the burden of proving the beneficiary's eligibility for the benefit sought. *Egan*, 119 F.3d at 107; *Matter of Brantigan*, 11 I. & N. Dec. 493, 495 (BIA 1966).

We conclude that the agency's denial of Zhang's I-130 petition was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Zhang and Chen do not dispute that the documentary evidence they submitted is internally inconsistent regarding the termination date of Chen's prior marriage. Zheng and Chen married in 2004, in New York City. Chen's 2002 application for a non-immigrant visa to the United States, which was prepared by an unspecified travel agency in China, and which bore her signature and certification to its accuracy, represented that she was then (*i.e.,* in 2002) married to Guo Chang Rui ("Guo"). Chen's Divorce Notarial Certificate, issued in China in 2004, however, reflected that she divorced Guo in October 2000. USCIS informed Zhang about the discrepancy and noted the

---

[1] Appellants argue that we should review the agency's decision under the "substantial evidence" standard under 5 U.S.C. § 706(2)(E). We disagree, but even were we to proceed under that standard we would hold the agency's decision adequately supported.

absence of any evidence that Chen had been divorced after 2002, before her 2004 marriage to Zhang. In response, Zhang and Chen each provided affidavits asserting that the marital representation in Chen's 2002 visa application reflected mere clerical error and that Chen divorced Guo in 2000. They offered no additional documentary support for their averments.

The BIA reasonably determined that Petitioner Zhang did not meet his burden of demonstrating that Chen was legally divorced from Guo when Zhang and Chen married in 2004. *Egan,* 119 F.3d at 107; 8 C.F.R. § 204.2(a)(2). As noted above, the Divorce Notarial Certificate conflicts with information provided by Chen in her 2002 visa application. The latter appears to provide more reliable evidence of Chen's marital status in 2002 than does a Divorce Notarial Certificate. *See China Reciprocity Schedule*, U.S. Department of State, Bureau of Consular Affairs (describing immigration records as among "the best evidence of [a] relationship, or lack of it," and Chinese divorce notarial certificates as "at best, secondary evidence of the events they purport to document . . . [that] rarely cite the basis for their issuance").[2] The agency's rejection of the explanations provided by Zhang and Chen in their affidavits is further supported by the absence of detail provided in their sworn accounts. For example, neither offered any explanation as to how, if Chen's marriage in fact ended in 2000, the preparer of the 2002 visa application even knew of Chen's prior marriage and the name of her first spouse. *See Egan*, 119 F.3d at 109 (holding that agency was not required "to accept the truth of the self-serving statements contained in the various affidavits submitted by [petitioners]"). Although the 2004 Divorce Notarial Certificate states that Chen divorced Guo "through agreement at the Office of Civil Administration of Qingdao City,

---

[2] Found at: https://travel.state.gov/content/travel/en/us-visas/Visa-Reciprocity-and-Civil-Documents-by-Country/China.html (last accessed March 1, 2019).

Shandong Province on October 8, 2000," it gives no detail or indication as to whether or how that information was verified. CAR at 71. Accordingly, it was not sufficient to establish the date or fact of Chen's divorce. *See Matter of Chu*, 19 I. & N. Dec. 81, 85–86 (BIA 1984) ("It is reasonable to suspect fraud or mistake where the facts recited on the notarial certificate are contradicted by other evidence of record and the inconsistencies have not been satisfactorily explained by the petitioner.").

We have considered Zhang's and Chen's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5